150

45065. CAREY v. LINARES et al.

HALL, Presiding Judge. Appeal by the defendant in an action upon a judgment obtained in a Missouri magistrate court, from a summary judgment for the plaintiff and from denial of her motion for summary judgment.

Defendant is a resident of Berrien County, Ga., who has never lived or even been in the State of Missouri. She wrote to plaintiff, a Missouri resident (and presumably a friend or relative), asking for a loan of $1,500. Plaintiff sent the money, and when it was not repaid, filed suit in his local magistrate's court and obtained a default judgment. Service in that suit was made upon defendant by the Deputy Sheriff of Berrien County pursuant to a Missouri "long arm statute" which provides that a person submits to the jurisdiction of its courts as to any cause of action arising out of (among other things) the making of any contract within the state. When suit was brought in Berrien County to collect that judgment, defendant answered by denying that the judgment was valid, as the Missouri court never had jurisdiction over her. The trial court granted summary judgment for the plaintiff.

Plaintiff contends that the contract was technically made in Missouri; that the Missouri long arm statute gives jurisdiction in this instance; and that the judgment so obtained is entitled to full faith and credit in Georgia.

Plaintiff's second premise is open to question. Whether the long arm statute *does* apply to this type of factual situation is the real issue here. We have found no Missouri case construing the "contract" provision of their statute in such a

situation. We must therefore place our construction upon it. Western Life Indem. Co. v. Rupp, 235 U. S. 261 (35 SC 37, 59 LE 220). We have as a guide, however, a case in which the Missouri Supreme Court applied a similar Illinois statute. In Slivka v. Hackley (Mo.) 418 S. W. 2d 89, 91, the court first stated the constitutional test: "A defendant over whom jurisdiction is asserted must have had such 'minimum contacts' with the state as to render it consistent with 'traditional notions of fair play and substantial justice' that he be compelled to defend himself and to respond to any adverse judgment rendered against him." Then, applying the test to the facts there, the court held there were sufficient contacts when the Missouri citizen traveled to Illinois, consummated the contract there and had dealings with certain Illinois officials whose approval of the transaction was required.

We believe the Missouri court would hold that their statute was not intended to apply to a purely private, relatively modest transaction between individuals where the defendant was never physically present within the state and where the only "contact" was established by an artificial, "place of contract" rule designed for conflict of law purposes. See O'Neal Steel, Inc. v. Smith, 120 Ga. App. 106 (169 SE2d 827).

To hold otherwise would be to deny such defendants, for all practical purposes, the opportunity to be heard. With no insurance company or corporation to bear the costs of out-of-state litigation as a routine business expense, default judgments would be the rule. We believe that in its application to this type of situation, the statute would offend traditional notions of fair play and substantial justice.

Under this construction, therefore, the magistrate's court had no jurisdiction over defendant and the judgment against her was void. The court below erred in granting summary judgment upon it for the plaintiff and in denying defendant's motion for summary judgment.

*Judgment reversed. Deen and Evans, JJ., concur.*

Submitted January 13, 1970—Decided February 6, 1970.

*Elsie H. Griner*, for appellant.
*Knight & Perry, W. S. Perry*, for appellees.