46725. COE & PAYNE COMPANY v.
WOOD-MOSAIC CORPORATION et al.
46726, 46740. ATLANTA FLOORING COMPANY v.
WOOD-MOSAIC CORPORATION et al. (two cases).
46727. C. P. COMPANY v.
WOOD-MOSAIC CORPORATION et al.
46739. ALLEN v. WOOD-MOSAIC
CORPORATION et al.

ARGUED NOVEMBER 2, 1971—DECIDED MARCH 10, 1972—
REHEARING DENIED MARCH 31, 1972—

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Stuart E. Eizenstat,* for Coe & Payne Co.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Robert W. Beynart, Sam F. Lowe, Jr.,* for Atlanta Flooring Co.

*Neely, Freeman & Hawkins, Albert H. Parnell,* for C. P. Co.

*Scott Walters, Jr.,* for Allen.

*Carter, Ansley, Smith, McLendon & Quillian, Henry M. Quillian, Jr., N. Forrest Montet,* for appellees.

QUILLIAN, Judge. ■ In *J. C. Penney Co. v. Malouf Co.,* 125 Ga. App. 832, we pointed out the following principles of law applicable to a case of this sort. The Long-Arm Statute involves substantive rights and is therefore not to be applied retroactively. *Bauer International Corp. v. Cagles, Inc.,* 225 Ga. 684 (171 SE2d 314). The statute gives jurisdiction as to causes of action which arise from certain enumerated acts. Regardless of when the right to a claim accrued within the meaning of the statute of limitation, the jurisdictional right under the Long-Arm Statute is deriva-

tive of the occurrence of one of the enumerated acts. Thus, the time when one of the enumerated acts occurs is the time to be used in determining what provision of the Long-Arm Statute as amended should be applied.

It is evident whether the relief sought is contribution or indemnity or based on implied warranty or negligence, that the right to such relief is predicated on activities which culminated in the occurrence of December 5, 1968. If there was a cause of action for negligence it was based on that occurrence, if there was a right to contribution it is derived from that occurrence, if there is an implied warranty or right to indemnity it was with respect to goods shipped into the state which allegedly caused the injury on that date.

Subsequent activities sufficient to constitute transacting business in this state would not furnish a jurisdictional basis. Moreover, the 1970 amendment has reference only to the commission of acts after its effective date, July 1, 1970. *Code Ann.* § 102-111 (Ga. L. 1968, pp. 1364, 1365; 1969, p. 7.) Thus, the original 1966 Long-Arm Statute and the 1968 amendment thereto are relevant but the 1970 amendment has no application to the facts.

■ In this case there is no issuable question with regard to ownership, use or possession of real property. Jurisdiction is either predicated on the transaction of any business or the commission of a tortious act.

Federal District Courts have held that transacting any business refers to actions sounding in contract. Scott v. Crescent Tool Co., 296 FSupp. 147, 152; Griffin v. Air South, 324 FSupp. 1284, 1289. Doubt exists as to whether an action for breach of warranty is primarily tortious or contractual in nature. See Prosser on Torts (3d Ed.) § 95, pp. 651-652; Marival v. Planes, 302 FSupp. 201, 207; *John Deere Co. v. Lindsey Landclearing Co.,* 122 Ga. App. 827, 831 (178 SE2d 917). Be that as it may, these appeals arise in substance from the grant of summary judgments for Overall Paint and Wood-Mosaic. As movants the burden was upon them to demonstrate that no basis for jurisdiction under the Long-Arm Statute existed. Thus, we consider two

basic grounds for jurisdiction as to each of these two foreign corporations.

*Transacting Any Business.* The term "transacting any business" was in 1966 novel to the State of Georgia. The use of such terminology indicates an intent by the legislature to make some change from the traditional concept of "doing business" which was well defined at the time of the enactment of the Long-Arm Statute. See *Buckhead Doctors' Bldg. v. Oxford Finance Cos.*, 115 Ga. App. 52 (153 SE2d 650). In 1968, the Georgia Business Corporation Code contained a provision that a foreign corporation shall not be considered to be transacting business in this state, for the purposes of qualification under this Code, solely by reason of carrying on in this state any one or more of the following activities (one of which was): "Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this State before becoming binding contracts, and where such contracts do not involve any local performance other than delivery and installation." *Code Ann.* § 22-1401 (b) (6) (Ga. L. 1968, pp. 565, 707; 1969, pp. 152, 201). However, the same section further stated: "The provisions of this section shall not be deemed to establish a standard for activities which may subject a foreign corporation to taxation or to service of process under any of the laws of this State." *Code Ann.* § 22-1401 (c). This leaves us without concrete expression of the legislative intent as to transacting any business.

A thorough review of the foreign authorities' treatment of the term "transacting any business" has apprised us of the many complexities and problems involved, if not necessarily all the solutions thereto. Even Illinois which has been extremely liberal in its application of the Long-Arm Statute has required that there be certain minimum contacts with the forum state. "The determinative question is the presence within Illinois of the nonresident in connection with the transaction which ultimately gives rise to the litigation or the performance by the nonresident or his agent

in Illinois of some act connected therewith." Anno., 27 ALR3d 397, 441.

When a court is examining the circumstances of a case to ascertain whether one is transacting any business, Weissman, in his article entitled "The Georgia Long Arm Statute," sets a sound standard to follow. He states: "The basis for the assertion of personal jurisdiction is the location of acts or conduct. The substantial consequences of the acts or conduct are not relevant to determine jurisdiction." 4 GSBJ 13, 26.

Even the provisions in the Georgia Business Corporation Code, while expressly not controlling, at least serve as a guide in determining whether a party was transacting any business. Moreover, the use of the word "any" would seem to indicate that quantity of business, or the lack thereof, was not a decisive factor. This is unlike the situation considered in previous decisions dealing with isolated transactions. *Allied Finance Co. v. Prosser*, 103 Ga. App. 538, 541 (119 SE2d 813); *Sterling Materials Co. v. McKinley*, 218 Ga. 574 (2) (129 SE2d 770).

Thus, as a general rule, transacting business would require some minimum contacts within the state which should be decided on the individual circumstances of the case. We would point out that it would seem to encompass more than mail orders which require acceptance in a nonresident state. Furthermore, transacting business would not be involved where the sole local performance was delivery of items ordered to this state. See in this connection, *Carey v. Linares*, 121 Ga. App. 150 (173 SE2d 101). See also Marival v. Planes, 302 FSupp. 201.

A very important principle should be reiterated: the Long-Arm Statute requires that the nonresident's liability arise out of the business transacted. *Castleberry v. Gold Agency*, 124 Ga. App. 694, 697 (185 SE2d 557); Smith v. Piper Aircraft Corp., 425 F2d 823, 825.

The proof showed that Overall Paint's only direct contact with Georgia consisted of two sales it made in 1968, and 1969 in the amount of $14,100. These shipments neither involved the products in question nor any of the parties

involved in these appeals. All of Overall Paint's transactions as to the allegedly hazardous product R-65 were conducted outside the State of Georgia. Overall Paint had no contacts with the State of Georgia, no agents or sales representatives in Georgia, and did not solicit orders in Georgia. The proof offered was sufficient to establish that Overall Paint was not transacting any business in Georgia.

Wood-Mosaic shipped miscellaneous flooring products to Atlanta Flooring during the past five years in the total amount of approximately $40,000 according to it (or in excess of $98,000 according to Atlanta Flooring); it filled orders received from its Georgia customer (Atlanta Flooring) and shipped R-65 F.O.B. Louisville, Kentucky, in the total amount of 957 gallons for a total value of $2,288 for the years 1965 through 1968. (192 gallons and 526 dollars attributed to 1968.) However, Wood-Mosaic showed as to R-65 that the material was sold by orders received from the customer which were accepted and filled in Kentucky, shipped F.O.B. Louisville, Kentucky, and paid by remittance in Kentucky. There is proof showing that Wood-Mosaic had no contacts in the State of Georgia, to wit, no office, no agents, no contracts and no soliciting of business in this state. That being true, Wood-Mosaic introduced proof sufficient to establish that it was not transacting any business in Georgia.

If the plaintiff, third-party plaintiffs, or cross complainants had any further proof tending to establish a jurisdictional basis on this ground, they should have come forward with it and must be charged with the failure to do so.

*Commission of A Tortious Act.* We now reach the question: is the commission of a tortious act outside the state which caused the injury within the state a "tortious act" under Section 1 (b) of the Long-Arm Statute? Able counsel for the appellants urge that we reject the rationale of *O'Neal Steel, Inc. v. Smith,* 120 Ga. App. 106 (169 SE2d 827) (remanded *Smith v. O'Neal Steel, Inc.,* 225 Ga. 778 (171 SE2d 519), decision on a different ground) and adopt the holdings of the Federal District Courts which have passed on our statute. See e.g., Scott v. Crescent Tool Co., 296 FSupp. 147, 156, supra; Grey v. Con-

tinental Marketing Associates, 315 FSupp. 826, 829; Griffin v. Air South, 324 FSupp. 1284, 1290, supra. It is further argued that the amendment of 1970 was adopted by the legislature to show what its purpose or intent as to the statute was prior to that time.

In regard to this last point, it seems clear that, if anything, the Act of the legislature was intended to change the existing situation and cover an area that was not previously included in the statute.

Insofar as application of the Long-Arm Statute to a situation where there is a tortious act outside the state causing injury within the state, we see no sound basis for departing from the reasoning in *O'Neal Steel, Inc. v. Smith*, 120 Ga. App. 106, supra. The Third Division of the Court of Appeals has recently in *Castleberry v. Gold Agency*, 124 Ga. App. 694, supra, adopted with approval the reasoning therein. So do we.

We reject the argument that a recommendation of R-65 in Wood-Mosaic's installation manual accompanying the product, which contained a warning that such substance was inflammable, amounted to the commission of a tortious act in this State.

The proof offered established that Overall Paint and Wood-Mosaic neither transacted any business nor committed a tortious act within this state. Hence, the trial judge did not err in the various rulings which dismissed these two parties from the case for lack of jurisdiction.

*Judgments affirmed. Jordan, P. J., and Evans, J., concur.*