Jan Moody STANDARD, Plaintiff,

v.

Jack L. MEADORS, Sr., et al.,
Defendants.

Civ. A. No. 14222.

United States District Court
N. D. Georgia,
Atlanta Division.

Aug. 14, 1972.

Hansell, Post, Brannon & Dorsey, Atlanta, Ga., for plaintiff.

Swift, Currie, McGee & Hiers, Atlanta, Ga., for Jack L. Meadors, Sr.

T. M. Smith, Jr., and William H. Duckworth, Jr., Atlanta, Ga., for Glassmaster Plastics Co.

Lokey & Bowden, Atlanta, Ga., for Brunswick Corp.

## ORDER

MOYE, District Judge.

This a personal injury-products liability case based on diversity of citizenship. At the time of filing her complaint, plaintiff was a resident of the State of Alabama and the defendants are all residents of or legal entities incorporated under the laws of states other than Alabama.

On July 4, 1969, plaintiff was water skiing on Lake Jackson near Covington, Georgia. She had fallen into the water and was waiting for Bobby Standard to retrieve one of the skis she had been using. While in the water, she was struck and severely injured when one of her legs was severed at the knee by a boat owned by Jack L. Meadors, Sr., and operated by his 12-year old son.

Plaintiff alleged defendant Meadors is liable for her injuries under theories of negligence. Plaintiff amended her original complaint to add defendants Glassmaster and Brunswick charging them with negligently designing and manufacturing the boat and propeller unit which caused her injuries. Plaintiff's claims against the two corporate defendants can be summarized as follows. Plaintiff contends Glassmaster negligently designed, constructed, and marketed the boat in this suit so that when operated in the intended fashion, the prow of the boat obscured the forward view of the opera-

tor. Plaintiff also alleges that Brunswick negligently designed and constructed its propeller and power drive unit so that the propeller exerted excessive force and would not sufficiently reduce or stop its cutting action upon contacting a person in the water.

The case is presently before the Court on defendants' motions for summary judgment. Defendants Brunswick and Glassmaster have both moved for summary judgment because plaintiff's complaint fails to state a claim upon which relief can be granted and defendant Glassmaster has moved for summary judgment alleging this Court lacks personal jurisdiction to hear the case against Glassmaster. The Court will consider Glassmaster's jurisdiction question first.

 Defendant Glassmaster has moved for summary judgment because it is incorporated under the laws of South Carolina and, as a foreign corporation, it is not amenable to personal jurisdiction in this Court. Since the cause of action before the Court is not a federal question, the Court must establish personal jurisdiction under Georgia state law.[1] Plaintiff asserts this Court has personal jurisdiction over Glassmaster pursuant to the Georgia long-arm statute which confers personal jurisdiction over nonresidents as to causes of action arising from certain enumerated acts or omissions.[2] According to the Georgia state courts, the long-arm statute must be applied as it existed at the time the cause of action arose;[3] i. e., the date of the boating accident: July 4, 1969. The Georgia long-arm statute was enacted on March 10, 1966, and amended in 1968 and 1970. The 1968 amendment made it applicable to corporations and the 1970

---

1. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

2. Ga.Code Ann. § 24–113.1 (1970).

3. Coe & Payne Co. v. Wood-Mosaic Corp., 125 Ga.App. 845, 189 S.E.2d 459 (1972). The Georgia Court of Appeals stated: "Regardless of when the right to a claim

accrued within the meaning of the statute of limitation, the jurisdictional right under the Long-Arm Statute is derivative of the occurrence of one of the enumerated acts. Thus, the time when one of the enumerated acts occurs is the time to be used in determining what provision of the Long-Arm Statute as amended should be applied." *Id.* at 854–855, 189 S.E.2d at 466.

amendment added a subsection covering tortious injuries within the state caused by acts or omissions committed outside the state. Thus, the Georgia long-arm statute must be applied as it existed prior to the 1970 amendment unless the 1970 amendment can be applied retroactively.

In the 1971 opinion of Griffin v. Air South,[4] this court (in the absence of any clear state court decision to the contrary) held that the 1970 amendment pertaining to acts or omissions committed outside the state causing tortious injury inside the state should be applied retroactively because the legislature, in amending the long-arm statute, was merely clarifying what was already the law.[5] Since this Court's decision in Griffin, an opinion has been rendered in the Georgia state courts clearly setting forth their interpretation of the retroactivity of the 1970 amendment to the Georgia long-arm statute. In Coe & Payne v. Wood-Mosaic Corp.,[6] the Georgia Court of Appeals held "[t]he Long-Arm Statute involves substantive rights and is therefore *not* to be applied retroactively." [7] Therefore, this Court's analysis in Griffin which applied the statute retroactively is no longer valid, and, under the Erie doctrine, this Court must bow to the rule of the Georgia state courts which clearly deny retroactive application. Accordingly, plaintiff in the instant case cannot obtain *in per-* *sonam* jurisdiction over Glassmaster pursuant to section (c) of the Georgia long-arm statute.

Plaintiff also asserts subsections (a) and (b) of the long-arm statute confer personal jurisdiction over defendant Glassmaster. Subsection (a) extends personal jurisdiction over a nonresident defendant if plaintiff's cause of action arises out of defendant's "transact[ion of] any business in this State." [8] This subsection has been held applicable to only cases sounding in contract [9] and the cause of action must arise from the very transaction of business which forms the basis for personal jurisdiction.[10] Not only is plaintiff's complaint couched purely in terms of negligence and tort, but even if the Court were to liberally construe plaintiff's complaint as possibly alleging a cause of action sounding in contract for breach of an implied warranty of merchantability or fitness, the complaint against Glassmaster would have to be dismissed.

Plaintiff's possible cause of action in contract would fail because not only does the Georgia adaptation of the Uniform Commercial Code specifically limit horizontal privity for breach of warranty to only family members and guests of the household,[11] but another section of Georgia Code also expressly classifies products liability claims as sounding in tort.[12] Consequently, under Georgia law

4. D.C., 324 F.Supp. 1284.

5. *Id.* at 1289.

6. 125 Ga.App. 845, 189 S.E.2d 459 (1972), petition for cert. filed.

7. *Id.* at 854, 189 S.E.2d at 466 (emphasis added).

8. Ga.Code Ann. § 24–113.1(a) (1970).

9. Scott v. Crescent Tool Co., 296 F.Supp. 147 (N.D.Ga.1969).

10. Castleberry v. Gold Agency, 124 Ga. App. 694, 697, 185 S.E.2d 557, 559–560 (1971); Smith v. Piper Aircraft Corp., 425 F.2d 823, 825 (5th Cir. 1970).

11. Ga.Code Ann. § 109A–2–318 (1962).

12. See Ga.Code Ann. § 105–106 (1969), which provides: "No privity is necessary to support an action for a tort; but if the tort results from the violation of a duty, itself the consequence of a contract, the right of action is confined to the parties and privies to that contract, except in cases where the party would have had a right of action for the injury done, independently of the contract, and except as provided in Code section 109A–2–318. However, the manufacturer of any personal property sold as new property, either directly or through a dealer or any other person, shall be liable in tort, irrespective of privity, to any natural person who may use, consume or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended

plaintiff has no contractual cause of action against defendant Glassmaster and cannot assert *in personam* jurisdiction under the transacting business subsection of the Georgia long-arm statute.[13]

Subsection (b) of the Georgia long-arm statute confers personal jurisdiction over a nonresident defendant if plaintiff's cause of action arises out of defendant's commission of a tortious act within the State of Georgia.[14] The Georgia State courts have consistently applied this subsection only to tortious acts occurring *inside* the State of Georgia and have specifically held it does not apply to tortious acts occurring *outside* the state causing injury *inside* the state.[15] Since plaintiff contends Glassmaster negligently designed and constructed the boat in South Carolina, subsection (b) of the statute would not apply as to those acts. But plaintiff also alleges Glassmaster committed a tortious act in Georgia when it sold and delivered the boat to a Georgia retailer. Plaintiff's theory, however, misapplies subsection (b) of the long-arm statute. Glassmaster's sale of the boat was a contract and no amount of analysis can convert that contractual sale into a tort just to obtain personal jurisdiction under subsection (b) of the long-arm statute.[16] Accordingly, this Court has no *in personam* jurisdiction over defendant Glassmaster pursuant to subsection (b) of the Georgia long-arm statute because no tort was committed inside the State of Georgia.

Since plaintiff has failed to establish *in personam* jurisdiction over Glassmaster pursuant to the Georgia long-arm statute, Glassmaster's motion for summary judgment for lack of personal jurisdiction must be granted.

The defendants have also moved for summary judgment on the merits contending that plaintiff's complaint fails to state a claim upon which relief can be granted. These motions must be denied because, in keeping with the well-established general rule of federal civil procedure: "a motion to dismiss [or for summary judgment] for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim."[17]

In summation, defendant Glassmaster's motion for summary judgment for lack of personal jurisdiction is hereby granted and defendants' motions for summary judgment on the merits are hereby denied.

So ordered.

---

and its condition when sold is the proximate cause of the injury sustained; a manufacturer may not exclude or limit the operation hereof. (Acts 1968, pp. 1166, 1167.)"

13. It should be noted, however, that the Court does not reach the issue of whether Glassmaster did in fact transact business in the State of Georgia.

14. Ga.Code Ann. § 24–113.1(b) (1970).

15. O'Neal Steel, Inc. v. Smith, 120 Ga.App. 106, 169 S.E.2d 827 (1969); Coe & Payne Co. v. Wood-Mosaic Corp., 125 Ga.App. 845, 858, 189 S.E.2d 459 (1972).

16. To apply subsection (b) to a contractual sale would render redundant subsection (a), which deals specifically with cases sounding in contract.

17. Cook and Nichol, Inc. v. Plimsoll Club, 451 F.2d 505, 506 (5th Cir. 1971).