## 57771. MASTERS v. ESR CORPORATION.

CARLEY, Judge.

Appellant-Masters, defendant below, is the sole shareholder and president of Masters Agri Consultants, Inc., a Georgia corporation. In March of 1975 the Masters corporation opened an office in Michigan. Subsequently, an oral agreement was reached between it and the appellee-ESR Corporation, a Michigan corporation, whereby the latter would furnish various computer services to the former. A dispute arose over the agreement, each side contending that the other was not fulfilling its obligations thereunder. It is undisputed, however, that the Masters corporation became in arrears on bills that, in the opinion of ESR at least, were due under the terms of the agreement. The president of ESR telephoned Masters in April of 1976 to discuss why payment had not been forthcoming from his corporation. The testimony as to the content of this call differs. Masters contends that he was informed that unless payment was made in full or he executed his personal note for the amount due, ESR would cease its performance under the agreement. The testimony of the president of ESR was that he requested Masters' personal note; he "[didn't] honestly recall [but didn't] believe" that he threatened to stop performance absent receipt of such a note.

Whatever the substance of this phone call, ESR had a promissory note drawn up in Michigan for Masters' personal signature and it was mailed to Georgia for execution. Masters signed it and returned it by mail to ESR in Michigan. Payments were made for some five

months thereafter; then all payments ceased.

In March of 1977 ESR instituted suit in Michigan against Masters individually on his promissory note. Personal service was made on Masters in Georgia but he filed no answer and made no appearance; the Michigan court entered a default judgment against Masters. A suit was then filed in the Superior Court of Clarke County, Georgia, to domesticate the Michigan judgment. Subsequently a second count was added by amendment which sought a recovery on the note itself. Masters' answer raised by way of defense the Michigan court's lack of in personam jurisdiction over him and the exertion of "extreme duress" by ESR at the time the note was signed. The case came up for trial and at the close of ESR's evidence Masters moved for directed verdict on the domestication count; his motion was denied. At the close of all the evidence Masters renewed his motion; ESR likewise moved for directed verdict on the domestication count or, in the alternative, on the note itself. Masters' motion was again denied but ESR's was granted on both counts. From the denial of his motions and the grant of ESR's, Masters brings this appeal. We affirm.

1. "The judgment of a court of one State, when sued on, pleaded, or introduced in evidence in another State, is entitled to receive the same full faith, credit, and respect that is accorded to it in the State where rendered. If it is valid and conclusive there, it is so in all other States. [Cits.]" *Dyal v. Dyal,* 65 Ga. App. 359, 364 (16 SE2d 53) (1941). However, neither the Full Faith and Credit Clause of the United States Constitution "nor any act of Congress passed in pursuance thereof, forbids or prevents an inquiry into the jurisdiction of the court by which the judgment offered in evidence in another State was rendered." *Frank v. Wolf,* 17 Ga. App. 468 (2) (87 SE 697) (1916). "The issue of the jurisdiction of [Michigan] over the defendant, which was neither alleged nor proved in the [Michigan] suit culminating in a default judgment, may properly be raised by the defendant in Georgia in a suit on that judgment." *Process Systems, Inc. v. Dixie Packaging Co.,* 137 Ga. App. 452, 453 (224 SE2d 103) (1976).

The Michigan Long Arm Statute provides for the

exercise of in personam jurisdiction over nonresidents who transact "any business within the state." M.S.A. § 27A-705 (1). Unlike the circumstances in *Carey v. Linares,* 121 Ga. App. 150 (173 SE2d 101) (1970), this statute has been the object of judicial construction by the courts of Michigan. The Michigan statute extends that state's jurisdiction to the fartherest limits permitted by due process. Sifers v. Horen, 385 Mich. 195 (188 NW2d 623) (1971). Due process requires only that a defendant have certain minimal contacts with the state so that the suit does not offend the traditional notions of fair play. International Shoe Co. v. Washington, 326 U. S. 310 (66 SC 154, 90 LE 95) (1945). This "minimum contacts" test applies under the Michigan statute and a single transaction may be sufficient. Kiefer v. May, 46 Mich. App. 566 (208 NW2d 539) (1973).

Masters is the sole shareholder and president of a corporation which, at all times relevant to this appeal, had an office in Michigan and was transacting business in that state. Negotiations which led to ESR supplying services to the Masters corporation were conducted in Michigan by an agent of the latter; and Masters on at least one occasion visited Michigan for the express purpose of discussing the fulfillment of the mutual obligations of his corporation and ESR under their agreement. It was disagreement over this very issue which subsequently led to ESR seeking and Masters executing his personal promissory note. Telephone calls were exchanged between the president of ESR and Masters with reference to the promissory note. The note in question was drawn up in Michigan, executed in Georgia, mailed to Michigan and was ostensibly in settlement of a disputed account owed to a Michigan corporation for services performed in Michigan and was in furtherance of the Masters corporation's business in Michigan. Masters' execution of the promissory note had the effect of allowing his corporation to continue to receive the services of ESR in Michigan; this in turn allowed the Masters corporation to continue to provide services to its Michigan customers. Payments on this note were made by sending checks to ESR in Michigan.

The essence of Masters' argument that Michigan

lacked jurisdiction over him is predicated on a contention that he was never physically present in that state in his individual as opposed to his corporate capacity, and that since the suit was on his personal note there is a lack of minimum contacts between himself and the forum state. However, "a defendant need not be present in the state in order for limited personal jurisdiction to be acquired. . . 'Physical presence in the state is a factor to consider, but it should not be the controlling factor in determining jurisdiction. [Cit.]' The telephone and the mails were utilized to consummate the contract between plaintiff and defendant. Thus . . . the defendant was 'present' in Michigan." Kiefer v. May, 208 NW2d at 542, supra. This "presence" of Masters in Michigan, coupled with the underlying contacts and the obvious impacts that Masters' note had in Michigan resulted in his "transacting business" in that state for jurisdictional purposes — in other words, Masters' activity with regard to the promissory note gave "rise to a minimum number of contacts within the state, so that it is not basically unfair to require his presence within the state to defend a suit." McGraw v. Matthaei, 340 FSupp. 162, 164 (E.D. Mich. 1972). Indeed, jurisdiction over a nonresident defendant has been sustained under factual circumstances quite similar to those existing in this case. Parish v. Mertes, 84 Mich. App. 336 (269 NW2d 591) (1978). We conclude, therefore, that the Michigan judgment is entitled to full faith and credit in this state. See generally *Process Systems, Inc. v. Dixie Packaging Co.,* supra.

2. Masters urges that it was error to direct a verdict as to Count 2 which sought recovery on the note itself, because the issue of his defense of coercion and duress should have been submitted to the jury. It is his contention that ESR had not lived up to the terms of the underlying agreement between itself and his corporation and that its services were late and its claims for payment were inflated; Masters, therefore, urges that it was "wrongful" for ESR to threaten to cease its performance thereunder and that he was thereby coerced into executing his personal note for the disputed corporate account. Chouinard v. Chouinard, 568 F2d 430 (5th Cir. 1978). However, if the courts of Michigan had jurisdiction

over him, and we have so held in Division 1, the judgment rendered against him "is conclusive . . . as to all questions that he could have been heard on in the Court when and before the Judgment was rendered" including the merits of his coercion defense. *Sharman v. Morton,* 31 Ga. 34 (2). Therefore, since directed verdict was properly granted on the domestication count, the alternative grant of directed verdict on the note itself which resulted in removal of the coercion defense from the jury, even if error, would be harmless.

We note, however, that all witnesses to the negotiation of the underlying agreement between the Masters corporation and ESR and to the performance pursuant thereto were in Michigan. Under these circumstances Masters' coercion defense to nonpayment of the note would have been more "reasonably" presented in the courts of that state. McGraw v. Matthaei, supra. Masters' "coercion" argument, therefore, confirms the decision that Michigan had personal jurisdiction over him and that the judgment is entitled to full faith and credit in Georgia.

*Judgment affirmed. Deen, C. J., and Quillian, P. J., concur. Shulman, J., not participating.*

SUBMITTED MAY 7, 1979 — DECIDED JUNE 22, 1979 — REHEARING DENIED JULY 12, 1979 —

*Cook, Noell, Bates & Warnes, Dan A. Aldridge, Jr.,* for appellant.
*Fortson, Bentley & Griffin, Thomas A. Nash, Jr., J. Edward Allen,* for appellee.