## 40168. REGANTE v. RELIABLE-TRIPLE CEE OF NORTH JERSEY, INC. et al.

HILL, Chief Justice.

This appeal is from a trial court order denying defendant-appellant's motion to set aside an interlocutory injunction.

Dale Associates conveyed Georgia real property to Mr. Yung Mao Shann on February 18, 1982, and received in return a promissory note for $170,554.53 secured by a deed to secure debt. Dale Associates assigned the promissory note and deed to secure debt to defendant Jerry Regante, a resident of New Jersey, on March 16, 1982. The assignment is alleged to have been made as substitute collateral for a $100,000 loan from Regante to Dale Associates in 1978. The assignment was executed in New Jersey, and was mailed to DeKalb County for recording.

On March 23, 1982, trial of the case of Reliable-Triple Cee against Dale Associates commenced, which trial resulted in a judgment in favor of Reliable in the sum of $43,249.74. Reliable filed this action on February 16, 1983, to set aside the assignment from Dale Associates to Regante on the grounds that the assignment was made without adequate consideration and was intended to delay and defraud creditors. Also on February 16, Reliable filed motions for a temporary restraining order and interlocutory injunction. Reliable sought to have Yung Mao Shann make all payments on the note into court and to restrain Dale Associates and Regante from taking any action to foreclose on the property pending the outcome of the suit. The temporary restraining order was granted on February 16, at which time the court issued a rule nisi setting the hearing on the interlocutory injunction for March 18, 1983. Regante did not appear on March 18 and the interlocutory injunction was granted. Regante thereafter filed a motion to set aside the injunction due to the trial court's lack of personal jurisdiction and plaintiff's failure to serve the rule nisi, the motion for interlocutory injunction, and temporary restraining order. The motion to set aside was denied.[1]

---

[1] Regante contends that, for purposes of appeal, inasmuch as it was entered *ex parte,* the temporary injunction should be treated as a temporary restraining order

1. Regante contends that the trial court did not have jurisdiction to issue the interlocutory injunction against him in that he is a resident of New Jersey and has never participated in any activities in the State of Georgia which would make him subject to suit in this state.

Jurisdiction over the nonresident defendant was perfected under the Georgia Long Arm Statute, viz. a cause of action arising from the ownership, use or possession of real property in Georgia. OCGA § 9-10-91 (4) (Code Ann. § 24-113.1). Minimum contact requirements were satisfied because a substantial connection exists between the controversy, defendant Regante, and property within this state. *Hurt v. Delowe Partners, Ltd.,* 147 Ga. App. 715, 717 (250 SE2d 169) (1978); Shaffer v. Heitner, 433 U. S. 186, 207-208 (97 SC 2569, 53 LE2d 683) (1977). Reliable's claim arises out of the allegedly invalid assignment of the note and security deed from Dale Associates to Regante. Regante, as the assignee of the security deed, has legal title to the property, subject to the right of Yung Mao Shann to have the realty reconveyed to him upon payment of the debt. *Porter v. Mid-State Homes,* 133 Ga. App. 706, 707 (213 SE2d 10) (1975); OCGA § 44-14-60 (Code Ann. § 67-1301).

2. Service was made upon Regante of the rule nisi and the motions for interlocutory injunction and temporary restraining order. Under OCGA § 9-11-5 (b) (Code Ann. § 81A-105), service of pleadings and orders may be made upon a party not represented by counsel by delivering a copy to him or by mailing it to him at his last known address. Service by mail is complete upon mailing. The papers were served upon Regante at his last known address, the address given in the assignment recorded in DeKalb County. Regante complains that he did not receive service copies of the rule nisi and motion for interlocutory injunction because the envelope used for mailing did not include his post office box or zip code number. His complaint is not well founded because his address shown on the recorded assignment does not contain such information. Plaintiff's counsel used the address shown of record and the evidence is undisputed that the envelope has not been returned to plaintiff's counsel. Under these facts, the trial court did not err in refusing to set the temporary injunction aside.

*Judgment affirmed. All the Justices concur.*

---

continued in effect after hearing, OCGA § 5-6-34 (a) (5) (Code Ann. § 6-701). Instead, we vacate our order dated June 22, 1983, which was premised upon the pendency of this appeal, and grant Regante's application to appeal, OCGA § 5-6-34 (b) (Code Ann. § 6-701).

DECIDED NOVEMBER 9, 1983.

*Nicholas G. Dumich,* for appellant.
*Crosby, Spix & Krupp, William I. Crosby, Lawson & Davis, William H. Lawson, Virginia R. Harper,* for appellees.