A90A0668. SIGNET BANK/VIRGINIA v. TILLIS.
(396 SE2d 54)

CARLEY, Chief Judge.

Appellant-plaintiff, a Virginia-based bank, extended an offer to issue appellee-defendant a credit card by mailing a pre-approved application form to appellee's address in Georgia. When an acceptance of its offer bearing appellee's purported signature was mailed to and received by it in Virginia, appellant issued the credit card in appellee's name and mailed it to his Georgia address. The credit card was thereafter used in Georgia and some payments were mailed to appellant in Virginia. When payments ceased, however, appellant brought

suit against appellee in Virginia and obtained a default judgment against him. Appellant then initiated this action against appellee in Georgia, seeking to domesticate the Virginia default judgment. Appellee answered and raised, among his other defenses, the Virginia court's lack of personal jurisdiction over him. Appellant subsequently moved for summary judgment, supporting its motion by pleading and proving the Virginia judgment and the Virginia Long Arm Statute under which personal jurisdiction over appellee in Virginia was ostensibly predicated. In opposition to appellant's motion, appellee submitted his affidavit wherein he swore that the signature purporting to signify the acceptance of appellant's offer to issue him a credit card was not his and that he had neither received nor used the credit card that appellant had issued in his name.

On this evidence, the trial court not only denied appellant's motion for summary judgment, but, on its own motion, also granted summary judgment in favor of appellee. The trial court based its ruling on the following: "In the original Virginia action on the contract against the Georgia resident defendant, the Virginia court lacked personal jurisdiction over the defendant under the rules enunciated in *Kendrick v. Parker*, 258 Ga. 210 [(367 SE2d 544)] (1988). The Virginia judgment which plaintiff is seeking to domesticate in the instant case appears to be an unreasonable abuse of the Virginia Long Arm Statute. Therefore, the Virginia judgment is void and cannot be domesticated." It is from this order that appellant brings the instant appeal.

Appellant urges that the trial court erred in granting, on its own motion, summary judgment in favor of appellee based upon the affidavit that appellee had filed in opposition to appellant's motion for summary judgment. See *Thompson v. Hurt*, 159 Ga. App. 656, 657 (3) (284 SE2d 671) (1981). However, the trial court apparently concluded that appellee was entitled to summary judgment, not on the basis of any *facts* that had been set forth in appellee's affidavit, but on the basis that, as a matter of *law*, the Virginia court nevertheless lacked personal jurisdiction over appellee even under the factual circumstances upon which appellant was relying to establish the existence of such jurisdiction. If the Virginia court lacked personal jurisdiction over appellee *even though* he had accepted appellant's offer to extend him credit, then certainly no *genuine* issue of *material* fact remained and the trial court correctly granted summary judgment notwithstanding appellee's failure to have moved for summary judgment in his favor. "[S]ummary judgment can be granted to a non-moving party provided that the grant is proper *in all other respects*. [Cit.]" (Emphasis supplied.) *Golston v. Garigan*, 245 Ga. 450, 451 (1) (265 SE2d 590) (1980).

" 'The judgment of a court of one State, when sued on, pleaded,

or introduced in evidence in another State, is entitled to receive the same full faith, credit, and respect that is accorded to it in the State where rendered. If it is valid and conclusive there, it is so in all other States. [Cits.]' [Cit.] However, neither the Full Faith and Credit Clause of the United States Constitution 'nor any act of Congress passed in pursuance thereof, forbids or prevents an inquiry into the jurisdiction of the court by which the judgment offered in evidence in another State was rendered.' [Cit.]" *Masters v. ESR Corp.*, 150 Ga. App. 658, 659 (1) (258 SE2d 224) (1979). "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' [Cit.]. . . . 'Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, . . . the defendant [must have] "purposefully directed" his activities at residents of the forum, [cit.], and the litigation [must result] from alleged injuries that 'arise out of or relate to' those activities. [Cit.]' [Cit.]" *First United Bank of Miss. v. First Nat. Bank of Atlanta*, 255 Ga. 505, 506-507 (340 SE2d 597) (1986). "[T]he constitutional touchstone [is] whether the defendant purposefully established 'minimum contacts' in the forum State . . . '[that is, whether] the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.' [Cit.]" *Burger King Corp. v. Rudzewicz*, 471 U. S. 462, 474 (105 SC 2174, 85 LE2d 528) (1985). "[A]n individual's contract with an out-of-state party *alone* [cannot] automatically establish sufficient minimum contacts in the other party's home forum. . . ." (Emphasis in original.) *Burger King Corp. v. Rudzewicz*, supra at 478. See also *Mayacamas Corp. v. Gulfstream Aerospace Corp.*, 190 Ga. App. 892, 893 (1) (380 SE2d 303) (1989). "[P]rior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing . . . must be evaluated in determining whether the defendant has purposefully established minimum contacts within the forum." *Burger King Corp. v. Rudzewicz*, supra at 479.

Under the circumstances relied upon by appellant, there were no prior negotiations between itself and appellee. Appellee never went to Virginia to solicit an extension of credit from appellant. To the contrary, appellant mailed its solicitation of appellee's acceptance of its offer to him in Georgia. Appellee and appellant never met in either Georgia or Virginia to discuss terms. Appellee simply responded to appellant's unsolicited offer by returning the application to Virginia through the mail. Thereafter, appellee and appellant never met in connection with the extension of credit. Indeed, it was contemplated that they should never meet so long as appellee performed by sending payments from Georgia and appellant performed by extending credit

from Virginia. It is undisputed that the credit card was never used in Virginia. Thus, it is appellant's own election to extend consumer credit to a non-Virginia resident that constitutes the *sole* contact that appellee has ever allegedly had with Virginia. Such contact based upon the mere unilateral and fortuitous consequence of appellant's place of residence is insufficient to support a finding that appellee has purposefully established such meaningful contacts and connections with Virginia that he should reasonably be expected to appear there to defend an action based upon his alleged failure to perform his part of the contract in Georgia. See *Burger King Corp. v. Rudzewicz*, supra at 478. See also *A. A. A., Inc. v. Lindberg*, 172 Ga. App. 753 (324 SE2d 480) (1984). Compare *Gust v. Flint*, 257 Ga. 129 (356 SE2d 513) (1987). "Where the nonresident defendant, like the purchaser from a 'mail order house,' is truly the passive party, courts have ordinarily refused to recognize jurisdiction[.] [Cits.]" *Money-Line, Inc. v. Cunningham*, 437 NYS2d 816, 819 [4] (N.Y. App. Div. 1981).

Since, even under the circumstances alleged by appellant, such contact as appellee had with Virginia was a fortuitous consequence of appellant's place of residence and neither purposeful, meaningful, nor substantial, there were no " 'minimum contacts' . . ., a prerequisite to the establishment of extraterritorial jurisdiction" by the forum State. *Berry v. Jeff Hunt Machinery Co.*, 148 Ga. App. 35, 36 (3) (250 SE2d 813) (1978). In the absence of personal jurisdiction over the appellee, the Virginia default judgment against him was void. *Capital Bank of Miami v. Levy*, 151 Ga. App. 819, 820 (2) (261 SE2d 722) (1979). The trial court correctly refused to domesticate the void judgment and properly granted summary judgment in favor of appellee. *Davis Mud & Chemical v. Pilgrim*, 165 Ga. App. 738, 739 (2) (302 SE2d 423) (1983).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JULY 3, 1990 —
REHEARING DENIED JULY 16, 1990 — CERT. APPLIED FOR.

*David G. Crockett, D. Ruth Primm*, for appellant.
*Finn, Cunningham & Hurtt, R. Scott Cunningham*, for appellee.