A98A1514. INTERNATIONAL CAPITAL REALTY INVESTMENT COMPANY et al. v. WEST.

(507 SE2d 545)

MCMURRAY, Presiding Judge.

Plaintiffs International Capital Realty Investment Company ("International") and its president, Dr. Thomas H. Hall, brought this contract action in the State Court of DeKalb County, Georgia, alleging defendant A. Davidson West "is a non-resident who has transacted business through his agent or agents in the State of Georgia [and further] owns, uses, or possesses real property situated in this [S]tate and is therefore subject to the venue and jurisdiction of [the State Court of DeKalb County]. . . . Defendant, through his agent, [attorney] HARMON CALDWELL in DeKalb County, Georgia made, executed and delivered a promissory note payable to the plaintiff [International], a Cayman corporation[, but that] Defendant has failed and refused to pay the indebtedness represented by said note." Plaintiff International demanded the principal sum of $66,666.56, plus interest (in the amount of $48,529.11 and accruing at $18.26 daily) plus attorney fees. In a second count, plaintiff Dr. Hall alleged that "Defendant, through his authorized agent in DeKalb County, agreed to pay the Plaintiff $400.00 per month beginning May 6, 1989, for Plaintiff's storage of the Defendant's furniture . . . by leaving the same in Plaintiff's guest house in the Bahamas."

Defendant was personally served with a second original by the Sheriff of Sarasota County, Florida. He admitted that plaintiff Dr. Hall "communicated with Harmon W. Caldwell, Jr., an attorney . . . who was an agent of the Defendant regarding the storage by Plaintiff [Dr.] Hall of the Defendant's furniture for a specified rate each month . . ." and further admitted "he agreed to pay plaintiff $400 per month beginning May 6, 1989, for boxing and storing defendant's furniture in plaintiff's downstairs efficiency unit," but denied the material allegations of any breach. The answer also contends the State Court of DeKalb County "lacks jurisdiction over defendant."

After discovery, defendant moved to dismiss the complaint on this ground, supporting his motion with the following undisputed circumstances: defendant is a resident of Florida and has been since 1987. On May 6, 1989, defendant was indebted to Dr. Hall's company, International, "in the principal amount of $66,666.56 for unpaid rent on a house he leased from [International] in the Bahamas." "[I]n satisfaction of this rent obligation, [defendant West gave] plaintiff International . . . a note in the principal amount of $66,666.56 with interest. . . ." The note recites that it was entered into by defendant in Sarasota, Florida. Contingent upon the "final resolution or disposition of [defendant's] certain [civil] action . . . pending in the United States District Court for the Northern District of Georgia, Atlanta Division," defendant promised to pay International, "a Cayman corporation ([here]after referred to as 'Payee'), at Nassau, Bahamas, or such other place as shall be designated by Payee in writing, the principal sum. . . ." Defendant "never came to Georgia to negotiate the note, nor does the note contemplate performance in Georgia. [According to defendant, the] only connection Georgia has to the note is that [defendant's] former counsel in [the] federal court suit, Harmon Caldwell, who lives in Georgia, mailed the note to plaintiff Dr. Hall [in the Bahamas] and, according to Dr. Hall's deposition, had two or three telephone conversations with Dr. Hall regarding the terms of the note and the box and storage agreement. . . . Neither plaintiff is a resident of Georgia or even the United States, and neither plaintiff came to Georgia to negotiate, execute or perform either the note or the box and storage agreement. . . . At the time this suit was filed, and for the preceding ten years, [defendant personally] owned no real property in Georgia." But "Mr. West came back to visit the Bahamas in late January 1993, and stayed as a guest in [Dr. Hall's] house for approximately one week. At that time, [defendant] told [Dr. Hall] that the lawsuit referenced in [the promissory note] had just settled, and [defendant] would be getting some real estate which he could sell to pay what he owed to [Dr. Hall] personally for storage for his furniture and to [International] on the note." Defendant further deposed that he "do[es] not regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenues from goods used or consumed or services rendered in the State of Georgia. . . ."

In rebuttal, plaintiffs Dr. Hall and International pointed to the following circumstances: defendant was born, reared and educated in Atlanta, Georgia, and was a real estate developer in the 1970s. Since the beginning of 1997, defendant's "current full-time occupation [is managing] some real estate properties . . ." in Hall County, Georgia, and Gwinnett County, Georgia. These properties are owned by defendant through closely held Georgia corporations. His manage-

ment responsibilities "take [him] into the Atlanta area periodically." Defendant "understood [attorney] Caldwell was in communication with Dr. Hall about [storing defendant's furniture and further] understood [attorney] Caldwell was also in communication with Dr. Hall about the promissory note for the unpaid rent. . . . On January 22, 1993, [defendant] entered into a settlement agreement with respect to [his] federal court suit. The agreement provided that . . . [defendant or his] designee would receive six parcels of real property. At the time this suit was filed by Dr. Hall and his corporation [International], . . . some but not all of the settlement properties had been distributed to [defendant's] designees, [but] none to [defendant] personally. . . . [Defendant] is the sole shareholder and president of each of the three grantees . . ." of the distributed settlement properties. These properties are the lots in Hall County, Georgia, and Gwinnett County, Georgia.

The trial court granted defendant's motion and dismissed the action "for lack of personal jurisdiction. . . ." This appeal followed. In two related enumerations, plaintiffs contend dismissal is erroneous because defendant transacted business with plaintiffs through a Georgia agent and also because defendant owned an interest in Georgia real property. *Held*:

1. The policy of the Georgia Long Arm Statute, OCGA § 9-10-91, is to exercise jurisdiction over nonresident defendants to the maximum extent permitted by procedural due process. *Bradlee Mgmt. Svcs. v. Cassells*, 249 Ga. 614, 617 (292 SE2d 717). Defendant bears the onus of proving lack of personal jurisdiction. *Easterling v. Easterling*, 231 Ga. 90, 91 (1) (200 SE2d 267). "If the motion is decided on the basis of written submissions alone, as was the motion in this case, disputes of fact found in the affidavits are resolved in favor of [the exercise of jurisdiction, and the appellate standard of review is non-deferential]." *Scovill Fasteners v. Sure-Snap Corp.*, 207 Ga. App. 539, 540 (428 SE2d 435).

Viewing the largely undisputed facts in the light most favorable to the exercise of personal jurisdiction over a nonresident defendant, the evidence authorizes a conclusion that defendant's agent in DeKalb County, Georgia, attorney Caldwell, drafted a promissory note with defendant as maker, in favor of plaintiff International. Attorney Caldwell forwarded the note to defendant, who signed the same in Sarasota, Florida. Attorney Caldwell then forwarded the executed promissory note to plaintiffs International and Dr. Hall in the Bahamas. By its terms, the note is payable in the Bahamas.

As to the furniture storage agreement, plaintiff Dr. Hall received two or three telephone calls in the Bahamas from Attorney Caldwell, authorizing the favorable inference that the calls originated from counsel's office in DeKalb County, Georgia. After Dr. Hall investi-

gated various boxing, shipping, and storage alternatives, attorney Caldwell inquired whether Dr. Hall would personally box and store defendant's furniture at a suitable space on the premises leased by defendant for $400 per month. This arrangement was accepted and performed by Dr. Hall at his property in the Bahamas. In June 1993, defendant returned to the Bahamas for a week and informed Dr. Hall that defendant's federal case in Atlanta was about to settle, and that Dr. Hall and International would be paid out of the proceeds of that settlement. But, defendant never gave either plaintiff an assignment of his settlement rights nor a security interest in any proceeds of the federal case.

2. "A court of this [S]tate may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the [S]tate, if in person or through an agent, he . . . [t]ransacts any business within this [S]tate." OCGA § 9-10-91 (1). "Mere telephone or mail contact with an out-of-state defendant [or his agent], or even the defendant's visits to this state, is insufficient to establish the purposeful activity with Georgia required by the 'Long Arm' statute. E.g., *O. N. Jonas Co. v. B & P Sales Corp.*, 232 Ga. 256 (206 SE2d 437) (1974)." *Wise v. State Bd. for &c. Registration of Architects*, 247 Ga. 206, 208 (2), 209 (274 SE2d 544). " '[P]rior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing . . . must be evaluated in determining whether the defendant purposely established minimum contacts within the forum.' [Cit.]" *Mayacamas Corp. v. Gulfstream Aerospace Corp.*, 190 Ga. App. 892 (1), 893 (380 SE2d 303). Accord *Signet Bank/Virginia v. Tillis*, 196 Ga. App. 433, 435 (396 SE2d 54). This "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." (Citations and punctuation omitted.) *White v. Roberts*, 216 Ga. App. 273, 274 (1) (454 SE2d 584).

In our view, the undisputed evidence indicates that any Georgia connections with the business transactions giving rise to International's suit on the promissory note executed in Florida and payable in the Bahamas and Dr. Hall's claim for payment after he performed his obligations in the Bahamas under the furniture storage agreement are too random, fortuitous, and attenuated to authorize haling a Florida resident into the State Court of DeKalb County, Georgia, for suit on contracts to be performed at Nassau, in the Bahamas. *Signet Bank/Virginia v. Tillis*, 196 Ga. App. 433, 436, supra. "The rule that controls is our statute, which requires that an out-of-state defendant must do certain acts within the State of Georgia before he can be subjected to personal jurisdiction. Where, as here, it is shown

that no such acts were committed, there is no jurisdiction." *Gust v. Flint*, 257 Ga. 129, 130 (356 SE2d 513).

3. Plaintiffs also contend personal jurisdiction is properly exercised under OCGA § 9-10-91 (4) because defendant's close corporations own Georgia real estate. We disagree.

"The mere fact of title ownership of realty in Georgia will not support the exercise of personal jurisdiction. Jurisdiction must be predicated on the existence of ties among the defendants, this state, and the litigation. . . ." *Hart v. DeLowe Partners, Ltd.*, 147 Ga. App. 715, 717 (2) (C) (250 SE2d 169). "[T]he requirement that a cause of action 'arise out of' activities within the state (OCGA § 9-10-91), applies . . . to the exercise of personal jurisdiction over nonresidents." (Emphasis omitted.) *Allstate Ins. Co. v. Klein*, 262 Ga. 599, 600 (422 SE2d 863). In the case sub judice, neither cause of action arises because defendant "[o]wns, uses, or possesses any real property situated within this state." OCGA § 9-10-91 (4). The absence of a security interest in the proceeds of the federal action, namely the real property defendant's designee corporations received in settlement, is sufficient to distinguish the case sub judice from cases such as *Regante v. Reliable-Triple Cee of North Jersey*, 251 Ga. 629, 630 (1) (308 SE2d 372); *Hart v. DeLowe Partners, Ltd.*, 147 Ga. App. 715, supra; and *Schwartz v. C & S Mtg. Co.*, 142 Ga. App. 682, 683 (1) (236 SE2d 856). The trial court correctly granted defendant's motion to dismiss for lack of personal jurisdiction. OCGA § 9-11-12 (b) (2).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED OCTOBER 15, 1998 — 

*Gibson, Deal & Fletcher, John W. Gibson*, for appellants.
*Schreeder, Wheeler & Flint, Timothy C. Batten*, for appellee.