**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS***
***COURT. ALL FILINGS MUST BE SUBMITTED WITHIN***
***THE TIMES SET BY OUR COURT RULES.***

**September 4, 2020**

# In the Court of Appeals of Georgia

A20A0816. STANTON v. HARRIS.

COLVIN, Judge.

Colby Stanton ("Plaintiff"), a Georgia resident, filed a complaint for damages against Timberly Autumn Harris ("Defendant"), a Tennessee resident, arising from an automobile collision that occurred in Cherokee County, North Carolina. Defendant filed a motion to dismiss for lack of personal jurisdiction and improper venue. The trial court granted the motion. Plaintiff appeals, arguing that Defendant's actions established personal jurisdiction under Georgia's Long Arm Statute and that venue was proper. For the following reasons, we affirm.

> On a motion to dismiss for lack of personal jurisdiction, the defendant
> bears the onus of proving lack of personal jurisdiction. Further, any
> disputes of fact in the written submissions supporting and opposing the
> motion to dismiss are resolved in favor of the party asserting the

existence of personal jurisdiction. Finally, because [such a] motion [is] decided on the basis of written submissions, the appellate standard of review is nondeferential.

(Punctuation and footnotes omitted.) *Genesis Research Institute, Inc. v. Roxbury Press, Inc.*, 247 Ga. App. 744, 744 (542 SE2d 637) (2000).

So construed, the record shows that this action arose from a collision in which Defendant's vehicle struck the rear of Plaintiff's van, which was stopped in the roadway in an area where employees of a local electrical membership corporation were mowing the road's shoulder. Plaintiff filed his renewed complaint in the Superior Court of Towns County, Georgia, on August 24, 2018. After entering a special appearance and without waiving or consenting to the jurisdiction of the court, Defendant filed an answer and also moved to dismiss the complaint for lack of personal jurisdiction. In support of her motion, Defendant provided an affidavit that she was a resident and citizen of Tennessee and that she had not transacted any business in Georgia. Prior to the collision, Defendant had left the Poteete Creek Campground in Blairsville, Georgia after a week-long camping trip and was headed to Murphy, North Carolina to pick up supplies and visit a family member.

1. Georgia's Long Arm Statute, OCGA § 9-10-91, provides, in relevant part, that

> [a] court of this state may exercise personal jurisdiction over any nonresident . . . , *as to a cause of action arising from any of the acts, omissions, ownership, use, or possession* enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she: (1) Transacts any business within this state; . . . [or] (4) Owns, uses, or possesses any real property situated within this state[.]

(Emphasis supplied). Plaintiff contends that the trial court erred in dismissing the present action for lack of personal jurisdiction under the Long Arm Statute because the Defendant both transacted business and used real property in Georgia when she went on a camping vacation in Georgia with her family. For the following reasons, we find no error.

(a) *Transacts any business.* Plaintiff argues that the Long Arm Statute conferred personal jurisdiction over Defendant because she had transacted business in Georgia before driving to North Carolina and colliding with Plaintiff's automobile.[1]

---

[1] Defendant argues that Plaintiff waived his argument that Defendant was subject to long arm jurisdiction because she transacted business in the State of

3

As noted above, the Long Arm Statute confers jurisdiction over a nonresident if the cause of action arises from that nonresident's transacting any business within the state. OCGA § 9-10-91 (1). In interpreting Georgia's long-arm statute, our Supreme Court has explained that it "grants Georgia courts the unlimited authority to exercise personal jurisdiction over any nonresident who transacts any business in this State . . . to the maximum extent permitted by procedural due process." (Punctuation omitted.) *Innovative Clinical & Consulting Servs. v. First Natl. Bank of Ames*, 279 Ga. 672, 675 (620 SE2d 352) (2005). "Due process requires that individuals have fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign." (Citation and punctuation omitted.) *Beasley v. Beasley*, 260 Ga. 419, 421 (396 SE2d 222) (1990). The Georgia Supreme Court has

> construed the term 'transacting any business' most liberally to uphold the jurisdiction of the Georgia courts. The constitutional touchstone is whether the defendant purposefully established minimum contacts in the forum State, that is, whether the defendant's conduct and connection

Georgia. We disagree. Defendant correctly notes that Plaintiff did not raise this basis for personal jurisdiction in its complaint, but Plaintiff did raise this argument before the trial court in his response to Defendant's motion to dismiss. Compare *Designs Unlimited, Inc. v. Rodriguez*, 267 Ga. App. 847 (601 SE2d 381) (2004) (business waived appellate review of its argument that trial court failed to consider whether defendant could be subject to jurisdiction under different statute subpart when business did not raise argument in trial court).

4

with the forum State are such that he should reasonably anticipate being haled into court there.

(Punctuation and footnote omitted.) *Genesis Research Institute*, 247 Ga. App. at 745.

In determining whether a non-resident could reasonably anticipate being summoned into a Georgia court, courts apply a three-part test:

Jurisdiction exists on the basis of transacting business in this state if (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.

(Footnote omitted.) *Aero Toy Store, LLC v. Grieves*, 279 Ga. App. 515, 517-518 (1) (631 SE2d 734) (2006). "We analyze the first two prongs of this test to determine whether a defendant has established the minimum contacts with the forum state necessary for the exercise of jurisdiction. And if such minimum contacts are found, we then analyze the third prong[.]" (Footnote omitted.) *Weathers v. Dieniahmar Music, LLC*, 337 Ga. App. 816, 820 (1) (788 SE2d 852) (2016). In other words, before a plaintiff can sue a nonresident in Georgia, such nonresident "must have purposefully directed [her] activities at residents of the forum, and the litigation must

5

result from alleged injuries that arise out of or relate to those activities." (Punctuation and footnote omitted.) *Sol Melia, SA v. Brown*, 301 Ga. App. 760, 764 (1) (688 SE2d 675) (2009).

We find that in this case, Defendant has demonstrated the absence of the second requirement in the above-stated test. That is, the evidence shows that although Defendant had purposefully availed herself to Georgia for the purpose of camping and vacationing with her family at a Georgia campground, there is no evidence to suggest that Plaintiff's claims of negligence arise out of and are related to Defendant's contacts with Georgia. Rather, the collision occurred because Defendant did not realize that Plaintiff had stopped his vehicle in the roadway until it was too late to avoid an impact in Cherokee County, North Carolina. See, e. g., *Sol Melia, SA v. Brown*, 301 Ga. App. 760 (688 SE2d 675) (2009); *Intl. Capital Realty Inv. Co. v. West*, 234 Ga. App. 725, 728 (3) (defendant's visits to the state, without more, were "insufficient to establish the purposeful activity with Georgia required by the Long arm statute") (citation and punctuation omitted).

(b) *Uses real property*. Without citing to any relevant case law, Plaintiff argues that the trial court had personal jurisdiction over Defendant under the Long Arm

6

Statute because she had used real estate in Georgia before driving to North Carolina and colliding with Plaintiff's automobile.

Under the Long Arm Statute, a Georgia court may exercise personal jurisdiction over a non-resident "as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section . . . if in person or through an agent, he [o]wns, uses, or possesses any real property situated within this State." OCGA § 9-10-91 (4). See *Hart v. DeLowe Partners, Ltd.,* 147 Ga. App. 715, 716 (2) (A) (250 SE2d 169) (1978) (The Long Arm Statute "requires that [the] cause of action arise from the ownership, use or possession of real property situated within this state"). The jurisdictional requirements of OCGA § 9-10-91 (4) are satisfied when a substantial connection or nexus exists between the basis of the controversy and the property within this State. See *Intl. Capital Realty Inv. Co. v. West*, 234 Ga. App. 725, 728 (3) (507 SE2d 545) (1998).

In the instant case, the automobile collision giving rise to this litigation did not occur because Defendant "[o]wns, uses, or possesses real property situated within this state." (Citation omitted.) *Intl. Capital Realty Ins.*, 234 Ga. App. at 728 (3). Although the Defendant had left the Georgia campground earlier in the day, the automobile collision in North Carolina at issue in this litigation was not related to her visit to the

campground. See, e. g., *Watts v. AllState Ins. Co.*, 214 Ga. App. 462, 462 (448 SE2d 55) (1994) (Georgia resident could not sue California resident for an automobile accident that occurred in California). Compare *Regante v. Reliable-Triple CEE of North Jersey, Inc.*, 251 Ga. 629 (308 SE2d 372) (1983) (Georgia had long-arm jurisdiction over nonresident assignee of security deed where judgement creditor's claim against assignee arose out of an allegedly invalid assignment of note, holding that the Long Arm statute's "[m]inimum contact requirements were satisfied because a substantial connection exists between the controversy, defendant . . . , and property within this state") (citation omitted).

For the above reasons, the trial court did not err in granting Defendant's motion to dismiss the complaint based on lack of personal jurisdiction.

2. Based on above the conclusion, we need not address Plaintiff's final enumeration of error.

*Judgment affirmed. Reese, P. J., and Markle, J., concur.*