61459. WHITAKER et al. v. KRESTMARK OF ALABAMA, INC. et al.

DEEN, Presiding Judge.

This wrongful death action was brought in the State Court of Muscogee County by the executor of the decedent's estate and two beneficiaries of that estate following a collision between an automobile driven by the decedent and manufactured by defendant/appellee Ford Motor Company ("Ford") and a truck owned by defendant/appellee Krestmark of Alabama, Inc. ("Krestmark") and driven by Krestmark's employee, defendant Jerry Wayne McConnell ("McConnell"). The accident occurred in Alabama while McConnell was admittedly en route to Georgia to make several deliveries for Krestmark. Following the collision, the decedent was taken to a hospital in Muscogee County, Georgia, where she was treated for her resulting injuries and where she died some eight weeks later. It is undisputed that at all times relevant to this proceeding (i) the decedent and each of the plaintiffs were legal residents of Alabama; (ii) McConnell was a resident of Alabama; (iii) Krestmark was an Alabama corporation with its principal place of business located in Montgomery, Alabama, and did not have any office or place of business within Georgia; and (iv) Ford, though having no agent or place of business in Muscogee County, Georgia,

was qualified to do business within Georgia and did have a registered agent for the receipt of process in Fulton County, Georgia.

The trial court granted the motions of Krestmark and McConnell and of Ford on the grounds that it lacked jurisdiction over the person of such parties, that venue was not proper before it and, as to Krestmark and McConnell, that process was not properly served. Plaintiffs appeal.

1. Appellants cite Code § 24-113.1 (the Georgia "Long Arm Statute") and enumerate error as to the trial court's finding that it lacked personal jurisdiction over appellees. That statute provides in relevant part as follows: "A court of this State may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts, omissions, ownership, use or possession enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent, he: (a) Transacts any business within this State; or (b) Commits a tortious act or omission within this State . . . ; or (c) Commits a tortious injury in this State caused by an act or omission outside this State, if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State."

As noted above, it is unquestioned that in the present case both the allegedly tortious act and the resulting injury occurred within the State of Alabama and not within Georgia. Accordingly, subsections (b) and (c) of the Long Arm Statute are inapplicable. Appellants thus hinge their allegation of personal jurisdiction over appellees upon subsection (a) of the statute and aver that appellees transacted business in Georgia within the purview of Code § 24-113.1 (a).

In *Davis Metals, Inc. v. Allen,* 230 Ga. 623, 625-626 (198 SE2d 285) (1973), the Supreme Court noted that "[u]nder our Long Arm Statute jurisdiction over a nonresident exists on the basis of transacting business in this state if the nonresident has purposefully done some act or consummated some transaction in this state, if the cause of action arises from or is connected with such act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice."

The federal courts of this state have held "that § 24-113.1 (a) applies to matters in contract, not to those sounding in tort. The court means by this to make no overly formal distinctions, but rather to get to the heart of the statute's purpose. Other courts have so construed almost identical statutes . . .

"The Georgia legislature could have defined transactions of business as including both contractual and tortious actions, as other states have done [Cit.] But they chose not to do so. By including

tortious action under . . . separate subsection[s], § 24-113.1 (b) [and § 24-113.1 (c)], the legislature could not have meant for a cause of action in tort to arise from the transaction of business, under § 24-113.1 (a) as well. Otherwise, § 24-113.1 (b) [and later § 24-113.1 (c)] would have been redundant and unnecessary." Scott v. Crescent Tool Co., Div. of Crescent Niagara Corp., 296 FSupp. 147, 152-153 (N. D. Ga. 1969). See also, Griffin v. Air South, Inc., 324 FSupp. 1284 (N. D. Ga. 1971).

Though such an analysis has never been expressly enunciated by the courts of this state, it is entirely consistent with the decisions of this court and of the Supreme Court, and, accordingly, we adopt it herein. Appellants' reliance upon *J. C. Penney Co. v. Malouf Co.,* 230 Ga. 140, 144 (196 SE2d 145) (1973), is misplaced; the court therein specifically held that the trial court had jurisdiction under subsection (a) of the Long Arm Statute to determine only the *contractual* issues between the parties. Similarly, Davis Metals v. Allen, supra; Co-op Mtg. Invest. Assoc. v. Pendley, 134 Ga. App. 236 (214 SE2d 572) (1975); and *Delta Equities v. Larwin Mtg. Investors,* 133 Ga. App. 382 (211 SE2d 9) (1974), cited by appellants, all involve essentially contractual claims. Finally in *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58 (195 SE2d 399) (1973), also cited by appellants, the Supreme Court considered a tort claim, but adopted the broad "Illinois Rule" in interpreting subsection (b) of the Long Arm Statute, and in no manner relied upon subsection (a) in its determination.

The instant litigation arises wholly from allegedly tortious conduct, which conduct and resulting injuries occurred entirely outside of this state. No contractual issue is present whatsoever. Appellants' assertion that the trial court had personal jurisdiction over appellees pursuant to Code § 24-113.1 (a) is therefore misplaced and without merit.

What is more, we find that significant matters of public policy underlying Code § 24-113.1 (a) are inapposite to the present controversy. In *Davis Metals v. Allen,* supra, 230 Ga. at 626, the Supreme Court noted with approval "that the trend of opinions is to construe long arm 'transacting any business' statutes most liberally and to uphold the jurisdiction of the court of the *plaintiff's* residence in actions arising, either directly or indirectly, out of such transactions." (Emphasis supplied.) As noted above, each of the plaintiffs/appellants in the instant case is a resident of the State of Alabama. Thus, an exercise of personal jurisdiction herein would not even fulfill the legitimate goal of affording Georgia citizens a local forum to pursue justifiable claims. The trial court properly refused to exercise jurisdiction.

2. In view of our holding in Division 1, we deem it unnecessary to consider appellants' remaining enumerations of error.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 16, 1981.

Billy E. Moore, B. Randall Blackwood, for appellants.
J. Ronald Mullins, Jr., M. Diane Owens, for appellees.