**Harold LUTZ, Leona Lutz and Gary Lutz, Plaintiffs-Appellants,**

v.

**CHRYSLER CORPORATION, et al., Defendants-Appellees.**

**No. 82–8362**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 15, 1982.

F. Glenn Moffett, Jr., Moffett & Henderson, Atlanta, Ga., for plaintiffs-appellants.

H. Lane Young, II, Freeman & Hawkins, Joe C. Freeman, Jr., Atlanta, Ga., for defendants-appellees.

Before TJOFLAT, JOHNSON and HATCHETT, Circuit Judges.

PER CURIAM:

The United States District Court for the Northern District of Georgia dismissed defendant King's Highway Mobile Industries, Inc. as a party to this products liability action based on diversity of citizenship, finding that the Georgia Long-Arm Act, Ga.Code Ann. § 24–113.1, did not confer personal jurisdiction over said defendant. We affirm.

The Georgia statute confers jurisdiction over any nonresident if the cause of action arises from any of the following:

   (a) The transaction of any business within the State; or

   (b) The commission of a tortious act or omission within this State; or

   (c) The commission of a tortious injury in the State caused by an act or omission outside the State; or

   (d) If the person owns, uses or possesses any real property situated within the State.

Defendant's allegedly tortious conduct took place in California and the injury said to have resulted from this conduct occurred in Tennessee. Defendant does not own, use or possess any real property in Georgia, so subsections (b), (c) and (d) of Ga.Code Ann. § 24–113.1 are not applicable.

Plaintiffs contend that, because the defendant transacted substantial business within the State of Georgia, a jurisdictional "contact" exists between the nonresident defendant and the State, and therefore personal jurisdiction exists under Ga.Code Ann. § 24–113.1(a).

The district court, relying on *Whitaker v. Krestmark of Alabama, Inc.,* 157 Ga.App. 536, 278 S.E.2d 116 (1981), held that Ga. Code Ann. § 24–113.1(a) applies only to claims based on contract and not those sounding in tort. Since all the claims in this case were based on the law of torts, the district court found that the Georgia long-arm statute was inapplicable. We agree with the district court's analysis of Georgia case law. Furthermore, even if Section 24–113.1(a) applied to tortious conduct, it would not apply in this case because the plaintiffs have not alleged that their cause of action *arose* from the transaction of business in Georgia.

AFFIRMED.