Dan MULLINAX and Gail Mullinax, Plaintiffs,

v.

McNABB–WADSWORTH TRUCK COMPANY, Defendant.

Civ. A. No. 86–CV–1925.

United States District Court,

N.D. Georgia, Atlanta Division.

Nov. 10, 1987.

C. Frederick MacDowell, MacDowell & Bridgers, P.C., Decatur, Ga., for plaintiffs.

Edward D. Buckley, III and John D. Jones, Greene, Buckley, Derieux & Jones, Atlanta, Ga., for defendant.

## ORDER

SHOOB, District Judge.

This action arises from a highway accident that occurred in November, 1983. Plaintiff Dan Mullinax alleges that he was driving a Peterbilt tractor trailer truck north when a southbound tractor trailer truck owned by defendant McNabb-Wadsworth Truck Company ("McNabb-Wadsworth") crossed over the center line into his lane of travel, forcing him off the road. Plaintiff alleges that he was seriously injured and that defendant's truck fled the scene of the accident. Presently before the Court are plaintiff's motion to amend the complaint, and defendant's motion to dismiss and motion for summary judgment. For the reasons stated below, the Court will deny all of the pending motions.

*Plaintiffs' Motion to Amend*

Plaintiffs seek to amend their complaint to add a claim for fraud. They assert that because McNabb-Wadsworth used a circular "M & W" logo on their trucks, plaintiffs were induced to file an action against M & W Transportation Company, Inc. that was later dismissed. Plaintiffs claim that defendant's improper use of the "M & W" tradename perpetrated a fraud and thwarted their diligent attempts to identify the owner of the offending truck.

■■ District courts have only limited discretion to deny a party leave to amend

the pleadings. *Espey v. Wainwright,* 734 F.2d 748 (11th Cir.1984); *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594 (5th Cir.1981). Thus, the Court is constrained to allow plaintiffs to amend unless there is a substantial countervailing reason. *Id.* Defendant cites several substantial reasons why plaintiffs' motion to amend should be denied, the most persuasive of which is plaintiffs' undue delay in filing the motion to amend. All of the facts that plaintiffs now allege constitute fraud were known to plaintiffs at the time this action was instituted. Yet plaintiffs waited until after the close of the discovery period and after defendant had filed a motion for summary judgment to move to amend. Indeed, plaintiffs waited until the day the pre-trial order was due to file the present motion. Defendant represents that, if the new claim is added, the discovery period will have to be reopened and the trial of the case will be delayed. Plaintiffs, on the other hand, have not stated any reason for waiting so long to assert their fraud claim.

The Court concludes that allowing plaintiffs to amend the complaint at this procedural juncture would prejudice defendant by unreasonably protracting this litigation. As "prejudice to the non-moving party is the touchstone for denial of" a motion to amend, *Cornell & Company, Inc. v. Occupational Safety & Health Review Commission,* 573 F.2d 820, 823 (3rd Cir.1978), the Court will deny the instant motion. Plaintiffs are, of course, free to bring their fraud claim in a separate action.

*Defendant's Motion to Dismiss*

Plaintiffs are Georgia citizens. Defendant is a Tennessee corporation that has no offices in Georgia, but is registered to do business in this state pursuant to O.C.G.A. § 14–2–315. Plaintiffs brought this action in federal court based on diversity of citizenship. Prior to filing this action, however, plaintiffs had filed the same action in the Superior Court of Fulton County, Georgia. In that action plaintiffs sought to obtain jurisdiction over the defendant corporation by serving process on defendant's agent registered with the Secretary of State for service of process. Apparently, the Secretary of State gave plaintiffs the wrong name; and plaintiffs served a person that was not defendant's registered agent. The case went into default. In August, 1986, defendant's present counsel succeeded in obtaining an order to open and set aside the default. Counsel for both parties then discussed removing the case to the United States District Court. Defendant's counsel did not agree to remove the case. He did agree, however, to accept service of process for defendant if the state action were dismissed and if a new action were filed in this Court. Accordingly, plaintiffs voluntarily dismissed the state court action, filed the present suit, and served process on defendant's counsel. In accepting service for defendant, defendant's counsel reserved the right to contest jurisdiction.

Defendant now moves to dismiss this action for lack of personal jurisdiction. Defendant's only argument is that Georgia's long-arm statute, O.C.G.A. § 9–10–91, does not allow this Court to exercise jurisdiction in a tort action where neither the tortious act nor the injury occurred in Georgia.[1] Defendant has presented the Court with substantial authority demonstrating that jurisdiction cannot be obtained in such circumstances under the Georgia long-arm statute. *See, e.g., Lutz v. Chrysler Corporation,* 691 F.2d 996 (11th Cir.1982); *Standard v. Meadors,* 347 F.Supp. 908 (N.D.Ga. 1972); *Whitaker v. Krestmark of Alabama, Inc.,* 157 Ga.App. 536, 278 S.E.2d 116 (1981). In this case, however, plaintiff did not have to resort to the long-arm statute to obtain jurisdiction over defendant. Under Georgia law, the test of jurisdiction is:

> not residence or non-residence of plaintiff, or the place where the cause of action originates, but whether the defendant can be found and served in the jurisdiction where the cause of action is

---

1. Defendant does not argue that this Court's exercise of jurisdiction would violate due process.

asserted. A corporation can be found in any jurisdiction where it transacts business through agents located in that jurisdiction; and suits may be maintained against it in that jurisdiction, if the laws of the same provide a method for perfecting service on it by serving its agents . . .

*Aiken Asphalt Paving Co., Inc. v. Winn,* 133 Ga.App. 3, 5–6, 209 S.E.2d 700 (1974) (quoting *Reeves v. Southern R. Co.,* 121 Ga. 561, 563, 49 S.E. 674 (1904)); *accord Aetna Casualty & Surety Co. v. Westinghouse,* 176 Ga.App. 748, 752, 337 S.E.2d 390 (1985).

 Both state and federal law provide a method for service of process on this defendant within the State of Georgia. As a corporation registered to transact business in Georgia, defendant is required to maintain a registered agent for service of process in this state. O.C.G.A. § 14–2–317. Federal law also requires defendant to maintain an agent for service of process in this state. *See* 49 U.S.C. § 10330. Plaintiff could have obtained jurisdiction over defendant by serving either of these agents within this jurisdiction. However, service was made on defendant's counsel, who consented to accept service for defendant while present in Georgia. Defendant has not challenged plaintiffs' method of service of process; and, indeed, has waived any right to raise such a challenge. *See* Fed.R. Civ.P. 12(b)(2). Thus, plaintiff accomplished effective service of process on defendant in Georgia. No resort to the long-arm statute was necessary. *See Uniroyal, Inc. v. Sperberg,* 63 F.R.D. 55 (S.D.N.Y. 1973); 28 Federal Procedure Lawyers Edition § 65.4 (1984).

In conclusion, because the restrictions of the Georgia long-arm statute do not apply, and because defendant has not raised any other reason that this Court's exercise of jurisdiction over defendant would be inappropriate, the Court will deny the motion to dismiss.

*Defendant's Motion for Summary Judgment*

 Defendant seeks summary judgment on two grounds. First, defendant contends that there is no evidence that defendant's truck forced Dan Mullinax off the road. Defendant has produced documents that indicate that it had only two trucks fitting plaintiff Dan Mullinax's description of the offending truck; defendant's records also indicate that neither of these two trucks was traveling on the highway where the accident occurred on the night of the accident. Plaintiff Dan Mullinax, however, has consistently maintained that a truck with an "M & W" logo, that he now recognizes as the McNabb-Wadsworth logo, ran him off the road. A jury would be entitled to believe Dan Mullinax's sworn statement that a McNabb-Wadsworth truck was on that road despite defendant's records. Summary judgment would therefore be inappropriate on this ground.

Next, defendant argues that if one of its trucks was on that road on the night of the accident, the truck driver had gone outside the scope of his authority as an agent for defendant. Defendant may be able to prevail on this defense at trial. At this time, however, the record is incomplete as to defendant's routes and truck assignment procedures. The facts as they are developed at trial may or may not demonstrate that the offending truck driver had exceeded the scope of his authority as defendant's agent. Therefore, the Court will not enter summary judgment on this ground.

*Conclusion*

The Court DENIES plaintiff's motion to amend; DENIES defendant's motion to dismiss; and DENIES defendant's motion for summary judgment.