**Lori M. STACY, Plaintiff,**

**v.**

**HILTON HEAD SEAFOOD COMPANY and Frank G. Toomer, Defendants.**

**No. CV487–305.**

United States District Court,
S.D. Georgia,
Savannah Division.

April 5, 1988.

Frederick S. Bergen, Savannah, Ga., for plaintiff.

Charles W. Barrow, Savannah, Ga., Talbird Reeve Sams, Beaufort, S.C., for defendants.

## ORDER

EDENFIELD, District Judge.

Before the Court is the defendants' motion to dismiss, both for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted.

I. *Background*

In October of 1986, plaintiff Lori Stacy began working for Hilton Head Seafood Company as a bookkeeper and trainee office manager, and also as secretary to defendant Frank G. Toomer, the sole proprietor of Hilton Head Seafood Company. Plaintiff alleges that, in late October 1986, while working at the premises of Hilton Head Seafood Company in Hilton Head Island, South Carolina, she was sexually assaulted and battered by Mr. Toomer. The alleged incident occurred on one of defendant's shrimp boats.

Plaintiff further alleges that she was sexually assaulted and battered by Mr. Toomer on November 11, 1986, while on a business trip to bid on two shrimp boats in Florida. This second alleged incident occurred at the Holiday Inn in Brookeville, Florida. According to plaintiff, she refused Mr. Toomer's sexual demands, whereupon he informed her that she would no longer be employed by the Hilton Head Seafood Company or by him.

The next day, November 12, 1986, Mr. Toomer allegedly changed his mind and told plaintiff that she could remain employed, but only at a lower rate of compensation.

Plaintiff alleges that, after November 12, 1986, Mr. Toomer created an intolerable working atmosphere for her, interfering "with her right to work in a safe place," and resulting in "plaintiff being forced to terminate her employment with the Hilton Head Seafood Company on November 24, 1986."

Plaintiff asserts claims of (1) sexual harassment in violation of Title VII, (2) sexual harassment in violation of the Fourteenth Amendment of the United States Constitution, Article I of the Georgia Constitution, and 42 U.S.C. § 1983, (3) intentional infliction of emotional distress, (4) assault and battery, (5) interference with her right to a reasonable and safe atmo-

sphere in which to work.[1] Plaintiff seeks compensatory and punitive damages in the total amount of $650,000, together with a permanent injunction "enjoining the Defendants from threatening or continuing any acts which are illegal...."

## II. *Proper Identification of Defendants*

Defendants assert that there is no such entity as Hilton Head Seafood Company. Rather, defendants assert, Frank Toomer operates Hilton Head Seafood Company as a sole proprietorship. The Court accepts this statement and therefore GRANTS defendants' motion to dismiss Hilton Head Seafood Company as a defendant. Hereafter, all pleadings shall bear the caption, Lori M. Stacy, plaintiff, v. Frank G. Toomer, D/B/A Hilton Head Seafood Company, defendant.[2]

## III. *Claims Said to Arise Under the Federal and Georgia Constitutions and 42 U.S.C. § 1983*

Plaintiff's claims asserted under the Fourteenth Amendment of the Federal Constitution, 42 U.S.C. § 1983, and Article I of the Georgia Constitution are DISMISSED. Absent an allegation that defendant Toomer was acting under color of state law, those provisions have no application here.

## IV. *Personal Jurisdiction*

Defendant Toomer contends that he is not subject to the personal jurisdiction of this Court. He contends that he is a citizen and resident of South Carolina who does not transact or solicit business in Georgia, and does not engage in any other persistent course of conduct, or derive substantial revenue from goods consumed or services rendered, in Georgia. Defendant does not

support his motion with any affidavit, as required by Local Rule 6.1.

In response to defendant's motion to dismiss, plaintiff has submitted her affidavit. She states that she was personally contacted in September, 1986 in Savannah, Georgia by defendant Frank G. Toomer and his daughter, Suzanne Woods, about working for Toomer and Hilton Head Seafood Company. This contact allegedly occurred at Curtis Mathis Home Entertainment Center, 7650 Abercorn Street, Savannah, Georgia, where plaintiff was then working. In her affidavit, plaintiff also describes regular business dealings between Hilton Head Seafood Company and Mathews Seafood Company of Savannah, Georgia, involving the transport of seafood between these two businesses. Plaintiff states that she personally picked up seafood from Mathews Seafood Company to bring to Hilton Head Seafood Company. Additionally, plaintiff has attached, as Exhibit B to her brief in opposition to defendants' motion to dismiss, a classified advertisement published in the Savannah Evening Press on Wednesday, November 19, 1986, which reads as follows:

### PERSON NEEDED

Unattached person needed to assist me in bookkeeping and that can travel on the spur of the moment from Key West—Texas. Excellent opportunity for the right person. Call Hilton Head Seafood Co., 803–681–3622.

In a diversity case, amenability of a nonresident party to a forum's jurisdiction is determined under a two-part test: first, the long-arm statute of the forum state must provide for jurisdiction over the defendant[3] and, second, exercise of personal jurisdiction must be consistent with due process.

---

**1.** Plaintiff also cites 29 U.S.C. § 621, *et seq.* (the Age Discrimination in Employment Act) in her complaint. Plaintiff has acknowledged that this was a "misnomer," as there is no allegation of age discrimination in this action.

**2.** The Court will not tolerate "shell games." If there is a business or corporate entity which may be sued in this action, defendant shall promptly disclose it.

**3.** It does not appear that Georgia's long-arm statute would provide for jurisdiction over defendant. Both the tortious acts alleged and the resulting injuries occurred out of state. With respect to tort actions, the long-arm statute provides for personal jurisdiction over non-resident defendants only if the tortious act or resulting injury occurs in Georgia. *See* O.C.G.A. § 9–10–91; *Whitaker v. Krestmark of Alabama, Inc.,* 157 Ga.App. 536, 278 S.E.2d 116 (1981).

*See Psychological Resources Support Systems v. Gerleman,* 624 F.Supp. 483, 484 (N.D.Ga.1985).

In federal question cases, or cases brought under both federal question and diversity jurisdiction, the otherwise threshold inquiry of whether the forum state's long-arm statute provides personal jurisdiction is irrelevant. *See Vest v. Waring,* 565 F.Supp. 674, 693 (N.D.Ga.1983); *Terry v. Raymond Intern., Inc.,* 658 F.2d 398, 402–03 (5th Cir.1981). Here, plaintiff has asserted a Title VII claim within the federal question jurisdiction of this Court. The sole test of amenability to jurisdiction in a federal question case is the test of constitutionality, i.e., minimum contacts. *Id.*

On a motion to dismiss for lack of personal jurisdiction, the Court must take all jurisdictional facts alleged in plaintiff's affidavit as true. *Wyatt v. Kaplan,* 686 F.2d 276, 280 (5th Cir.1982). Plaintiff's affidavit sets forth facts sufficient to support the exercise of personal jurisdiction over defendant. *See generally Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Plaintiff alleges that her employment relationship with defendant arose out of a contact initiated by defendant in Georgia. Plaintiff also alleges that defendant regularly does business in Georgia. Plaintiff has alleged "purposeful contacts" by defendant with Georgia. Further, in light of the proximity of Hilton Head Island to Savannah, Georgia, the assertion of personal jurisdiction will not impose an unreasonable burden on defendant. The exercise of personal jurisdiction over defendant comports with "fair-play and substantial justice." *See Burger King,* 471 U.S. at 476, 105 S.Ct. at 2184.

Additionally, the Court notes that defendant resides within the 100 mile bulge area in which, under Fed.R.Civ.P. 4(f), out-of-state defendants may be served with process. Rule 4(f) has been held to extend the personal jurisdiction territory of district courts beyond state lines, notwithstanding that a defendant is not amenable to suit under a state long-arm statute. *See Sprow v. Hartford Ins. Co.,* 594 F.2d 412, 417 (5th Cir.1979); *Quinones v. Pennsylvania Gen-*

*eral Ins. Co.,* 804 F.2d 1167, 1172–77 (10th Cir.1986); *Coleman v. American Export Isbrandsten Lines, Inc.,* 405 F.2d 250, 252 (2nd Cir.1968). Thus, even if this were solely a diversity action, personal jurisdiction requirements would be satisfied by the defendant's presence within the 100 mile bulge area of Rule 4(f), and Georgia's long-arm statute would be irrelevant. Accordingly, defendant's motion to dismiss for lack of personal jurisdiction is DENIED.

## V. *Fifteen Employee Minimum for Title VII Coverage*

Only "employers" as defined in Title VII are subject to its remedial provisions. Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has *fifteen or more employees* for such working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person.... 42 U.S.C. § 2000e(b)" (Emphasis added). Defendant has moved to dismiss plaintiff's Title VII claim on the ground that he does not have 15 employees, and therefore is not covered by Title VII. Defendant does not support this assertion by affidavit, as required by Local Rule 6.1.

In her affidavit submitted in response, plaintiff identifies employees of defendant in excess of the fifteen employee minimum. For purposes of defendant's motion to dismiss, the Court must accept as true plaintiff's allegation, supported by affidavit based on personal knowledge, that defendant has more than fifteen employees. Accordingly, defendant's motion to dismiss plaintiff's Title VII claim is DENIED.

## VI. *Tort Claims*

Plaintiff has alleged claims of intentional infliction of emotional distress, assault and battery, and interference with her right to a reasonable and safe atmosphere in which to work. It appears the South Carolina law would govern the tort claims, with the possible exception that one assault and battery count may be governed by Florida law (incident allegedly occurred in Brookeville, Florida).

South Carolina recognizes the tort of intentional infliction of emotional distress. *Ford v. Hutson,* 276 S.C. 157, 276 S.E.2d 776 (1981). One who, by extreme and outrageous conduct, intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress. *Id.* Plaintiff's complaint sufficiently alleges an intentional infliction of emotional distress to withstand a motion to dismiss. Florida also recognizes the tort of intentional infliction of emotional distress. *Metropolitan Life Insurance Co. v. McCarson,* 467 So.2d 277 (Fla.1985).

Assault and battery are actionable both in South Carolina and Florida. *Clamp v. Clamp,* 293 S.C. 142, 359 S.E.2d 86 (S.C. App.1987); *Williams v. Ragsdale,* 500 So. 2d 314 (Fla.App.1986).

The Court is not aware of any South Carolina authority for the independent tort claim of "interference with plaintiff's right to a reasonable and safe atmosphere in which to work," as denominated in Count IV of plaintiff's complaint. Accordingly, Count IV is DISMISSED.

## VII. *Conclusion*

For the foregoing reasons, defendant's motion to dismiss for lack of personal jurisdiction is DENIED. Plaintiff may proceed with her intentional infliction of emotional distress, assault and battery, and Title VII claims. Plaintiff's constitutional and § 1983 claims are DISMISSED, as is the invented tort claim of interference with the right to a reasonable and safe atmosphere in which to work. Defendant may reassert the defense to the Title VII claim that he does not have 15 employees by motion for summary judgment. Such motion should be supported by affidavit and documentation, and will be subject to Rule 11 scrutiny.

SO ORDERED, this 15th day of March, 1988.

## SUPERSEDING OPINION

On March 16, 1988, an order was filed in this action denying defendant's motion to dismiss for lack of personal jurisdiction.

Upon further consideration the Court has determined that personal jurisdiction over defendant is lacking. It further appears that venue is improper with respect to plaintiff's Title VII claim. Accordingly, the Court's order of March 16, 1988, is hereby VACATED, and superseded by this order.

## I. *Discussion*

The facts as alleged by plaintiff are outlined in the Court's prior order. Plaintiff asserts a Title VII sexual harassment claim and state law tort claims for intentional infliction of emotional distress and assault and battery. This action arises out of plaintiff's employment with defendant in Hilton Head, South Carolina. All of the alleged torts (both the tortious act and the resulting injury) occurred outside of Georgia.

■ Two recent decisions make clear that before a federal court may exercise personal jurisdiction over a defendant in a federal question case (or in a case asserting both federal and state claims), there must exist both (1) a constitutionally sufficient relationship between the defendant and the forum, *i.e.* minimum contacts, and (2) a basis for the defendant's amenability to service of summons. *See Omni Capital International, Ltd. v. Rudolf Wolff & Co.,* — U.S. —, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987); *Delong Equipment Co. v. Washington Mills Abrasive Co.,* 840 F.2d 843 (11th Cir.1988).[1]

■ The exercise of personal jurisdiction in this case would not offend due process. In fact, this Court is probably closer to the defendant's place of business than the nearest federal court in South Carolina. However, there is no basis for the defendant's amenability to summons; therefore, personal jurisdiction does not exist.

■ Federal Rule of Civil Procedure 4(e) prescribes how process can be served on an out-of-state defendant in a federal civil case. Under Rule 4(e), if a federal statute containing a service of process provision is applicable to the case, service on an out-of-state defendant is made according to its

1. The Court's prior order applied the minimum contacts test as the only criteria for determining existence of personal jurisdiction in a federal question case.

terms. Title VII does not contain a service of process provision.[2]

If, as here, there is no service of process provision in the federal statute applicable to a case, under Rule 4(e) service of process is made on a non-resident under the long-arm statute of the state in which the district court sits. *Omni Capital International, supra,* —— U.S. at ——, 108 S.Ct. at 411, 98 L.Ed.2d at 426.

■ Thus, contrary to the reasoning in the Court's prior order, the applicability of Georgia's Long Arm statute becomes determinative of the existence of personal jurisdiction over defendant.[3]

■ In actions sounding in tort, Georgia's Long Arm statute will support the exercise of personal jurisdiction only if either the tortious act or the resulting injury occurred in Georgia. O.C.G.A. § 9–10–91; *Whitaker v. Krestmark of Alabama, Inc.,* 157 Ga.App. 536, 278 S.E.2d 116 (1981); *Lutz v. Chrysler Corp.,* 691 F.2d 996, 997 (11th Cir.1982). Here, both the tortious acts alleged and the resulting injuries occurred outside of Georgia. Accordingly, the Long Arm statute will not support jurisdiction.[4]

## II. *Conclusion*

■ The foregoing demonstrates that this Court does not have personal jurisdiction over defendant. Further, while venue is appropriate with respect to plaintiff's state law claims, venue is improper with respect to plaintiff's Title VII claim. Title 28, U.S.C. § 1404(a) authorizes the transfer, for the convenience of the parties and in the interest of justice, of cases with proper venue even when no personal jurisdiction exists in the transferring court. *See Aguacate Consolidated Mines, Inc. v. Deeprock, Inc.,* 566 F.2d 523 (5th Cir.1978). Likewise, under 28 U.S.C. § 1406(a), when venue is improper, in the interest of justice an action may be transferred to a district having venue even though there is no personal jurisdiction over a defendant in the transferring court. *Id.; Cox Enterprises, Inc. v. Holt,* 691 F.2d 989 (11th Cir.1982); *Seymour v. Bell Helmet Corp.,* 624 F.Supp. 146, 150 (M.D.Ala.1985). It appears that the interest of justice would be served by a transfer of this case to the District of South Carolina, where venue is proper and where personal jurisdiction exists. However, neither party has requested a transfer to that district.

Accordingly, the Court's order of March 16, 1988, is hereby VACATED. Defendant's motion to dismiss for lack of personal jurisdiction is GRANTED, and this action is hereby DISMISSED. Plaintiff shall be given leave to file, within ten days from the date of this order, a motion to vacate the dismissal and transfer this action to the United States District Court for the District of South Carolina.

SO ORDERED.

---

2. Further, under Title VII, *venue* is only proper in a judicial district in the state in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such employment practice are maintained, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(f)(3). If the respondent is not found in any such district, an action may be brought in the district where the respondent has his principal office. *Id.* Title VII's venue provisions are exclusive; they do not merely supplement the general venue provisions of 28 U.S.C. § 1391. *Kravec v. Chicago Pneumatic Tool Co.,* 579 F.Supp. 619 (N.D.Ga.1983). Thus, venue is improper with respect to plaintiff's Title VII claim.

3. The Court noted in its prior order that defendant is within the one hundred mile bulge area in which out-of-state defendants may be served pursuant to Fed.R.Civ.P. 4(f). Rule 4(f), however, is only applicable to third party defendants under Rule 14, or additional parties joined under Rule 19. It is not applicable to an original defendant.

4. It is interesting to note that the Georgia courts have sometimes indicated that the Long Arm statute supports jurisdiction to the limits of due process; however, the courts have negated such statements by enforcing the literal requirements of the long arm statute to defeat jurisdiction where the exercise of jurisdiction would not offend due process. *See Flint v. Gust,* 184 Ga. App. 242, 361 S.E.2d 722 (1987).