Vikki L. **RAVINSKAS**, Plaintiff,

v.

S. Steven **KARALEKAS**, et al., Defendants.

Civ. A. No. 89–3327 SSH.

United States District Court, District of Columbia.

July 16, 1990.

Mona Lyons, Thomas J. Mack, Linda A. Delaney, Marya C. Young, Washington, D.C., for plaintiff.

William H. Schwitzer, Lee T. Ellis, Jr., Brian S. Harvey, David A. Walsh, Washington, D.C., for defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendants' motion to dismiss. Upon consideration of defendants' motion, plaintiff's opposition, and defendants' reply, defendants' motion is denied.

Plaintiff is a female former employee of Karalekas & McCahill, a local law firm. Her complaint alleges the following: When she had been working at Karalekas & McCahill for about four years, she began a sexual relationship with Mr. Karalekas, the sole proprietor of the firm. This relationship continued for a number of years. From 1987 to 1989, plaintiff made repeated attempts to end the relationship. In response, defendant Karalekas verbally abused her, harassing and pressuring her into succumbing to his unwelcome sexual demands by threatening to fire her or expose her infidelity to her husband. In January 1989, plaintiff successfully refused defendant Karalekas. He persistently badgered and pressured her over the next four months until finally, when she refused to acquiesce, he told her to "get the f - - k out," and she left in an emotional state. She did not return.

Plaintiff's complaint charges defendants with sexual discrimination and sexual harassment in violation of § 1-2512 of the District of Columbia Human Rights Act (DCHRA), D.C.Code § 1-2512, and unlawful retaliation in violation of § 1-2525 of that Act. She also claims intentional infliction of emotional distress. Defendants have moved to dismiss on three grounds: (1) the action is time-barred; (2) the retaliation allegations fail to state a claim on which relief can be granted; and (3) Karalekas & McCahill is a sole proprietorship, incapable of being sued.

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff. The allegations in the complaint, taken as true, must state a claim which entitles the plaintiff to relief. The Court finds that plaintiff has alleged facts sufficient to fulfill that requirement.

■ Defendants first argue that plaintiff's claims under the DCHRA are time-barred because the initial occurrence of the alleged discrimination was in 1987, when plaintiff informed Karalekas of her wish to be left alone. That incident is outside the one-year time limit provided in the Act. D.C.Code § 1-2544. However, plaintiff's complaint alleges more than a single discriminatory act. For this reason, defendants' reliance on *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), in which plaintiff's case was time-barred when he failed to file timely a discrimination action when denied tenure, is misplaced. Here, the alleged sex discrimination and retaliation were ongoing behavior, continuing until the time of plaintiff's constructive termination. She claims constructive termination in March 1989; she filed her claim in December 1989. This is well within the one-year limitations period. Therefore, on the face of the complaint, the discrimination and retaliation claims are not time-barred.

■ Because plaintiff's claim for intentional infliction of mental distress is dependent upon and intertwined with her claims under the DCHRA, it is also governed by the one-year statute of limitations. *See Burda v. Nat'l Assoc. of Postal Supervisors*, 592 F.Supp. 273, 281 (D.D.C. 1984), *aff'd*, 771 F.2d 1555 (D.C.Cir.1985); *Thomas v. News World Communications*, 681 F.Supp. 55 (D.D.C.1988). Therefore, plaintiff's mental distress claim is timely as well.

■ Defendants' second argument is that plaintiff's retaliation claim under § 1-2525 fails to state a claim upon which relief can be granted. They argue that this claim duplicates the discrimination claim under § 1-2512, and that § 1-2525 protects merely against retaliation provoked by filing a complaint. Section 1-2525, however,

is broader than this reading. Retaliation may consist of opposition to various activities. *See Goos v. Nat'l Assoc. of Realtors,* 715 F.Supp. 2 (D.D.C.1989); *Thompson v. Int'l Assoc. of Machinists and Aerospace Workers,* 614 F.Supp. 1002 (D.D.C.1985). Plaintiff alleges not only harassment and discrimination but also constructive termination as a result of her refusal to consent to further sexual relations. The Court finds that plaintiff has alleged sufficient facts to support a retaliation claim at this time. Accordingly, the motion to dismiss on this basis is denied.

■ Finally, defendant Karalekas & McCahill argues that its nature as a sole proprietorship precludes legal action against the law firm. The capacity of an entity to be sued in a diversity action is governed by the law of the state in which the district court sits, in this case the District of Columbia. Fed.R.Civ.P. 17(b). Plaintiff argues that while the common law in the District of Columbia may preclude litigation against a partnership, this is not a common law claim, but a statutory claim under the DCHRA. *See, e.g., Day v. Sidley & Austin,* 394 F.Supp. 986, 988 (D.D.C. 1975). The Court agrees. In addition, the DCHRA broadly defines a "person" as

> any individual, firm, partnership, mutual company, joint-stock company, corporation, association, organization, unincorporated organization, labor union, government agency, incorporated society, statutory or common-law trust, estate, executor, administrator, receiver, trustee, conservator, liquidator, trustee in bankruptcy, committee, assignee, officer, employee, principal or agent, legal or personal representative, real estate broker or salesman or any agent or representative of any of the foregoing.

D.C.Code § 1-2502. This language is broad enough to encompass a sole proprietorship.[1]

Defendant Karalekas & McCahill argues that Title VII, 42 U.S.C. § 2000e *et seq.,* the federal counterpart to the DCHRA—which uses very similar language in defining a

"person"—does not reach sole proprietorships and that by analogy DCHRA should not include them. Defendant cites *Stacy v. Hilton Head Sea Food Co.,* 688 F.Supp. 599, 601 (S.D.Ga.1988), to support this position. However, in that case it is unclear whether the sole proprietorship was dismissed because it was an improperly named party or because of its legal status. *Stacy* at 601. Other districts have expressly allowed a sole proprietorship to be sued under Title VII in the past. *See Women Employed v. Rinella & Rinella,* 468 F.Supp. 1123 (N.D.Ill.1979). Therefore, in light of the broad language of the statute, a similar action under the DCHRA is appropriate. Thus defendant Karalekas & McCahill is a proper defendant in this suit. Accordingly, for the reasons set forth above, it hereby is

ORDERED, that defendants' motion to dismiss is denied. It hereby further is

ORDERED, that defendants' motion to stay discovery pending disposition of the motion to dismiss is denied as moot.

SO ORDERED.

---

1. The Court notes that Karalekas & McCahill might also fall under several categories specifically named in the statute, including "firm," "association," and "organization."