James N. HOWELL and Sandra Howell, Plaintiffs,

v.

KOMORI AMERICA CORP., Komori Printing Machinery Company, Ltd., and Komori Corporation, Defendants.

Civ. A. No. 1:91–cv–3114–HLM.

United States District Court, N.D. Georgia, Atlanta Division.

March 19, 1993.

William J. McKenney, David Mark Kupsky, McKenney & Froelich, Atlanta, GA, for plaintiffs.

James B. Hiers, Jr., John Wallace Campbell, Swift Currie McGhee & Hiers, Atlanta, GA, for defendants.

## ORDER

HAROLD L. MURPHY, District Judge.

This case is before the Court on Defendant Komori Corporation's Motion to Dismiss for lack of personal jurisdiction. The relevant facts pertaining to this particular motion are undisputed. Komori Corporation is the Japanese corporation who manufactured the Lithrone 2000 press which allegedly caused Plaintiff James Howell's injuries. The press was manufactured in Japan and shipped to the United States, where it was unloaded and warehoused in Savannah, Georgia. Subsequently, it was purchased by a company in Memphis, Tennessee, and traveled through Georgia on its way to Memphis. Mr. Howell is a citizen of Georgia, employed by a Georgia corporation to install the Lithrone 2000 press. Mr. Howell traveled to Memphis, Tennessee to install the press and was injured during the installation. Thereafter, Mr. Howell filed the instant action in the Northern District of Georgia and asserts that personal jurisdiction exists over Komori Corporation based on diversity and Georgia's Long Arm statute, O.C.G.A. § 9–10–91. Plaintiffs state in their complaint that they are residents of Dallas, Georgia, while Komori Corporation is a foreign corporation not registered to do business in Georgia.

In the instant motion, Defendant Komori Corporation contends that this Court does not have personal jurisdiction over it because neither the alleged tortious act nor injury occurred in Georgia. Defendant claims that

one or the other of these requirements must occur in Georgia for the Long Arm statute to apply. Plaintiffs argue, however, that neither of these items must occur in Georgia for the Long Arm statute to apply and for personal jurisdiction to attach because the Georgia courts have interpreted the Georgia Long Arm statute to extend to the full scope of federal due process, thereby negating the need to have the injury or act occur in Georgia. Plaintiffs state that as long as minimum contacts exist between Georgia and Komori Corporation and this Court's assertion of personal jurisdiction does not violate traditional notions of fair play and substantial justice, the fact that neither the injury not the tortious act occurred in Georgia is irrelevant. For the reasons stated below, the Court disagrees with Plaintiffs' argument and concludes that it does not have personal jurisdiction over Komori Corporation in this cause of action because the Long Arm statute does not apply in this case as neither the alleged tortious act nor injury occurred in Georgia.

## STANDARD OF REVIEW

■ In this case, as this Court has not held an evidentiary hearing, Plaintiffs need only to establish a prima facie case of jurisdiction over the non-resident defendant.[1] *Vermeulen v. Renault U.S.A., Inc.,* 975 F.2d 746, 748 (11th Cir.1992).[2] "A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for directed verdict." *Id.* (citing *Morris v. SSE, Inc.,* 843 F.2d 489, 492 (11th Cir.1988)). The Court must take Plaintiffs' allegations as true to the extent they are uncontradicted, and if they are contradicted the Court must construe all reasonable inferences in Plaintiffs favor. *Vermeulen,* 975 F.2d at 748.

1. This Court held a conference on February 5, 1993, to address certain discovery disputes pending among the parties. At this conference, the Court also notified all parties that it had tentatively concluded that minimum contacts did exist between Komori Corporation and the State of Georgia, but that the Court would allow Defendant to file its motion to dismiss based on the narrow legal question of whether either the tortious act or injury must occur in Georgia as a statutory prerequisite to applying the "minimum contacts and substantial justice" analysis of federal due process. *See* O.C.G.A. § 9–10–91(2) & (3). The Court further noted certain deficiencies

## GEORGIA'S LONG ARM STATUTE

■ For this Court to exercise personal jurisdiction over Komori Corporation in this diversity case, "there must exist both a constitutionally sufficient relationship between [Komori] and [Georgia], i.e., minimum contacts, and a basis for Komori's amenability to service of summons." *Delong Equip. Co. v. Washington Mills Abrasive,* 840 F.2d 843, 847 (11th Cir.1988), *cert. denied,* 494 U.S. 1081, 110 S.Ct. 1813, 108 L.Ed.2d 943 (1990). To determine if personal jurisdiction exists, "[f]irst [the Court] must decide whether the defendant is amenable to suit under the state statute, as determined by the law of the state. [Second], if the first step is met, the court must then decide whether the assertion of [personal] jurisdiction over the defendant meets federal due process requirements." *Bond v. Octagon Process, Inc.,* 745 F.Supp. 710, 711 (M.D.Ga.1990), *aff'd,* 926 F.2d 1573 (11th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2855, 115 L.Ed.2d 1023 (1991). *See* J. FRIEDENTHAL, M. KAY & A. MILLER, CIVIL PROCEDURE HB, at 139–42 (1985).

■ O.C.G.A. § 9–10–94 provides that a non-resident defendant [Komori] may be served with process in the same manner as a resident if the non-resident is subject to Georgia's Long Arm statute, O.C.G.A. § 9–10–91. Georgia's Long Arm statute states:

A Court of this state may exercise personal jurisdiction over any non-resident ..., as to a cause of action arising from any of the acts ... enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he:

(2) Commits a tortious act or omission *within this state,* except as to a cause of

with Defendants' Motion for Summary judgment which Defendants subsequently withdrew.

2. Plaintiffs rely almost exclusively on this case as support for their contention that the locus of the act or injury is irrelevant to establishing personal jurisdiction under Georgia's Long Arm statute. The Court notes that Plaintiffs cite to the earlier version of this opinion which has been superseded by the opinion cited in this order. *See Vermeulen v. Renault U.S.A., Inc.,* 965 F.2d 1014 (11th Cir.1992), *superseded,* 975 F.2d 746 (11th Cir.1992).

action for defamation of character arising from the act;

(3) Commits a tortious injury *in this state* caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; ....

O.C.G.A. § 9–10–91(2), (3) (emphasis added).[3] "Since the reach of the Georgia Long Arm statute is a question of Georgia state law, federal courts are required to construe it as would the Georgia Supreme Court." *Moore v. Lindsey,* 662 F.2d 354, 358 (5th Cir.1981). Thus, unless either the tortious act or the tortious injury actually occurs in Georgia, the Long Arm statute would not apply to an action sounding in tort and this Court would not have personal jurisdiction over the non-resident defendant.[4] *See Gust v. Flint,* 257 Ga. 129, 130, 356 S.E.2d 513 (1987) ("The rule that controls is our statute, which requires that *an out of state defendant must do certain acts within the State of Georgia before he can be subjected to personal jurisdiction.* Where, as here it is shown that no such acts were committed, there is no jurisdiction.") (emphasis added); *Whitaker v. Krestmark of Ala.,* 157 Ga.App. 536, 537, 278 S.E.2d 116 (1981) ("[I]t is unquestioned that in the present case both the allegedly tortious act and the resulting injury occurred within ... Alabama.... Accordingly, subsections [two] and [three] of the Long Arm statute are not applicable and [the Court cannot hinge jurisdiction on these sections.]"); *Lutz v. Chrysler Corp.,* 691 F.2d 996, 997 (11th Cir.1982) ("[The] allegedly tortious conduct took place in California and the injury said to have

resulted from this conduct occurred in Tennessee.... [S]o subsections [2] and [3] are not applicable."); *Stacy v. Hilton Head Seafood Co.,* 688 F.Supp. 599, 604 (S.D.Ga.1988) ("In actions sounding in tort, Georgia's Long Arm statute will support the exercise of personal jurisdiction only if either the tortious act or the resulting injury occurred in Georgia. Here, both the tortious acts alleged and the resulting injuries occurred outside of Georgia. Accordingly, the Long Arm statute will not support jurisdiction.")

■ In the case *sub judice,* the allegedly tortious act occurred in Japan where the Lithrone 2000 press was designed and manufactured and the allegedly tortious injury occurred in Tennessee when Mr. Howell was installing the equipment. Consequently, as Plaintiff has not been able to establish a prima facie case of jurisdiction because neither the tortious act nor injury occurred in Georgia, this case does not come under the auspices of the Long Arm statute and this Court does not have personal jurisdiction over the non-resident defendant Komori Corporation.

## ELEVENTH CIRCUIT PRECEDENT

Plaintiffs base their main argument in this motion on several Eleventh Circuit opinions. These opinions seemingly state that federal courts, deciding whether they have personal jurisdiction over the non-resident defendant, should ignore the literal language of the state's Long Arm statute, where the state supreme court for the state in which the federal court sits has interpreted the state's Long Arm statute to "confer jurisdiction to the limits allowed by federal due process."[5] *Vermeulen v. Renault U.S.A., Inc.,* 975 F.2d 746, 753 (11th Cir.1992). *See id.* at 754 n.

---

**3.** Subsections 1, 4 & 5 of this Code section concern causes of action arising from a contract, *see Whitaker v. Krestmark of Ala.,* 157 Ga.App. 536, 538, 278 S.E.2d 116 (1981) (§ 1), ownership of property, *see Moore v. Lindsey,* 662 F.2d 354, 358–59 (5th Cir.1981) (§ 4), and actions concerning alimony and child support payments or modifications, *see Smith v. Smith,* 254 Ga. 450, 330 S.E.2d 706 (1985) (§ 5). Consequently, none of these subsections apply to the case at bar. Thus, this Court is left to consider only subsections 2 and 3 delineated above.

**4.** If a Plaintiff does not prove that the injury occurred in this state, the three part analysis set

forth in *Shellenberger v. Tanner,* 138 Ga.App. 399, 404–05, 227 S.E.2d 266 (1976) is not directly applicable. However, as will be discussed *infra,* the three part test lends significant credence to this Court's opinion that the federal courts cannot simply ignore the statutory language of the Long Arm statute when determining if they have jurisdiction over a particular cause of action.

**5.** Plaintiffs do not cite, nor has this Court found, any case holding that even when no tortious injury or act occurred in the forum state, personal jurisdiction over a non-resident defendant may still exist in the forum. "[W]hen the unilateral actions of a forum plaintiff merely involve or

14;[6] *Olivier v. Merritt Dredging Co., Inc.*, 979 F.2d 827, 830 (11th Cir.1992);[7] *Complete Concepts Ltd. v. General Handbag Corp.*, 880 F.2d 382, 388 (11th Cir.1989); *Delong Equip. Co. v. Washington Mills Abrasive*, 840 F.2d 843 (11th Cir.1988); *Bond v. Octagon Process, Inc.*, 745 F.Supp. 710 (M.D.Ga.1990), *aff'd*, 926 F.2d 1573 (11th Cir.1991). While Plaintiffs argument does seem to draw strength from these opinions, this Court finds such argument unpersuasive. What Plaintiffs overlook in their argument is that in all of these cases the incident giving rise to the lawsuit met one of the statutory requirements of the applicable Long Arm statute, even though the appeals court did not specifically delineate this fact in the opinion.

In *Vermeulen*, the car accident in question occurred in Lawrenceville, Georgia, so subsection three of the statute applied. *Vermeulen*, 975 F.2d at 748. In *Delong*, the injury occurred in Georgia because the alleged anti-trust conspiracy prevented the plaintiff from buying the necessary material for his business located in Georgia; thus, subsection three applied. *Delong*, 840 F.2d at 845. In *Complete Concepts*, the Court determined that the defendants transacted business in Georgia so that personal jurisdiction for the breach of contract claim could be maintained under subsection 1 of the Long Arm statute. *Complete Concepts*, 880 F.2d at 388–89. Finally, in *Bond*, the plaintiff used a cleaning solvent on an army vehicle while he was "engaged in active service with the National Guard at the Elberton, Georgia, Armory", *Bond*, 745 F.Supp. at 710; thus, the injury again occurred in Georgia and subsection three applied to this case also. Consequently, in all of these cases where the Circuit has stated that they ignored the literal language of the Long Arm statute, and only utilized a federal due process analysis, the literal language of the statute in fact applied because of the subsections of the Long Arm statute was actually met.[8] Thus,

---

somehow relate to a nonresident who has in no way conducted some activity with or in the state, there may be a 'connection' between the nonresident and the plaintiff but there is no 'contact' between the nonresident and the forum such that jurisdiction will lie." *Shellenberger*, 138 Ga.App. at 408, 227 S.E.2d 266.

6. It is interesting to note that the *Vermeulen* court specifically identifies O.C.G.A. § 9–10–91(3) as being "the statutory provision relevant to the question of whether Georgia possesses jurisdiction over [the defendant] in this case." *Vermeulen*, 975 F.2d at 753 n. 13.

7. This case is not directly applicable to the case at bar because it concerns an interpretation of Alabama's Long Arm statute; however, it is useful in this opinion as another example of how the actual incident involved met the literal requirements of the Long Arm statute even though the appeals court did not directly state this fact. The Court notes that Plaintiffs have again cited a vacated or superseded version of an Eleventh Circuit opinion as the precedent for their position. *See Olivier v. Merritt Dredging Co., Inc.*, 954 F.2d 1553 (11th Cir.1992), *vacated, withdrawn and modified*, 979 F.2d 827 (11th Cir. 1992).

8. When one looks at the Georgia jurisprudence regarding its Long Arm statute, one notices that the expanded interpretation which the Eleventh Circuit uses to ignore the literal language of the statute arises from a case where the injury actually occurred in Georgia, thereby meeting the requirements of the present statute. *See Coe &*

*Payne Co. v. Wood Mosaic Corp.*, 230 Ga. 58, 195 S.E.2d 399 (1973).

*Coe* concerned a fire which occurred at the Atlanta Gas Light Tower. *Coe & Payne v. Wood Mosaic Corp.*, 125 Ga.App. 845, 845, 189 S.E.2d 459 (1972), *rev'd*, 230 Ga. 58, 195 S.E.2d 399 (1973). One of the theories surrounding the cause of the fire was that the vapors from an adhesive manufactured by an Ohio corporation, distributed by a Kentucky corporation and sold to a Georgia corporation exploded. *Id.*, 125 Ga. App. at 846, 189 S.E.2d 459. Consequently, the owner of the building, Coe & Payne, brought suit in Fulton County Superior Court against all the corporations responsible for bringing the product to Georgia.

At the time the fire occurred, subsection three of the Long Arm statute was not in effect. After the fire occurred, but prior to the Court of Appeals decision in *Coe*, the legislature amended the Long Arm statute to include subsection three. However, both the Court of Appeals and the Supreme Court agreed that the newly enacted subsection did not apply in *Coe*. *Coe & Payne*, 230 Ga. at 59, 195 S.E.2d 399. Consequently, in *Coe*, the Georgia Supreme Court was called upon to determine, under subsection two, if a nonresident could be sued in Georgia for a tortious act which occurred outside of Georgia but caused injury inside of Georgia even though the language of the statute did not specifically address such a situation.

The Court of Appeals had answered that question in the negative. The Supreme Court reversed and stated that it was adopting the Illinois rule which allowed the Long Arm statute to be utilized to the full extent of federal due process. *Id.* at 61, 195 S.E.2d 399. Although the Su-

the Eleventh Circuit's statements regarding a federal court's ability to ignore the literal language of the applicable Long Arm statute are merely dicta as they relate to applying a particular subsection of the statute.[9]

■ This Court interprets the Eleventh Circuit's language to mean that *after* the Plaintiff has established that one of the Long Arm statutes five subsections applies, a Court should look to the full scope of federal due process to determine if personal jurisdiction is proper. Thus, the elements of federal due process, i.e., minimum contacts and traditional notions of fair play and substantial justice, do not subsume the statute and make it superfluous, instead, they help focus the analysis *after* one of the five statutory requirements has been met. Consequently, a Court does not even reach the questions concerning the application of federal due process under subsections two and three of Georgia's Long Arm statute unless the tortious act or injury occurs in Georgia.

## VENUE

■ Under 28 U.S.C. § 1406(a) a district court may transfer a case to another district if the case could have originally been brought in that district. This power exists even when the transferor court lacks personal jurisdiction over the defendant. *See Volkswagen De Mexico, S.A. v. Germanischer Lloyd,* 768 F.Supp. 1023, 1028–29 (S.D.N.Y.1991); *Cauff Lippman & Co. v. Apogee Finance Group, Inc.,* 745 F.Supp. 678, 682 (S.D.Fla.1990); *Gulf Atlantic Transport Co. v. Offshore Tugs, Inc.,* 740 F.Supp. 823, 833 (M.D.Fla.1990). *See also* 1 FEDERAL PROCEDURE, L.ED. §§ 1:715–738 (1981). Consequently, instead of dismissing Komori Corporation from this case, the Court transfers the entire case to the United States District Court for the Western District of Tennessee because the case could originally have been filed there as that is where the injury occurred. Furthermore, Tennessee law applies to this case and instead of having two separate lawsuits arising from the same incident,

preme Court stated that the presubsection three statute should be interpreted to confer personal jurisdiction to the full extent allowed under federal due process, one must remember that the injury actually occurred in Georgia and that the Long Arm statute then in effect did not specifically confer jurisdiction over these types of cases. Thus, this Court concludes that when the Supreme Court decided *Coe* it merely interpreted the old version of the statute to comport with the new statute which did specifically confer jurisdiction in these cases. *See Shellenberger,* 138 Ga.App. at 410, 227 S.E.2d 266.

In addition, this Court finds that the Supreme Court interpreted the Long Arm statute to confer personal jurisdiction to the full extent of federal due process only *after* a plaintiff has proven that either the injury or act occurred in Georgia. In *Coe,* the Supreme Court adopted the Illinois Rule for *in personam* jurisdiction which derived from *Gray v. American Radiator & Standard Sanitary Corp.,* 22 Ill.2d 432, 435, 176 N.E.2d 761, 763 (1961). In *Gray,* as with the other cases enumerated above, the injury actually occurred in the forum state. The debate surrounding *in personam* jurisdiction at the time of *Gray* was whether a single injury or transaction occurring in the state was sufficient "contact" with the state for the state to assert personal jurisdiction over the non-resident defendant. The keys in *Gray,* however, were that (1) the Illinois Long Arm statute was vague as to whether an injury occurring in state caused by an out-of-state act was covered by the Long Arm statute and, (2) the injury occurred in the state wanting to assert jurisdiction. Without the injury occurring in the state,

the question never would have arisen regarding the fairness of suing the non-resident in the state. Consequently, the Illinois rule stands for the proposition that once a tortious act or injury occurs in state the Courts can use this single transaction to establish personal jurisdiction over the defendant as long as federal due process would not be offended by the Court exercising that jurisdiction.

**9.** The three part *Shellenberger* test utilized with the application of subsections 2 and 3 of the Georgia Long Arm statute specifically states that jurisdiction is proper where the "nonresident has purposefully done some act *with or in the forum* ..., [and] a resident is the victim of a 'tortious act' when he suffers an injury *here* [in Georgia]...." *Shellenberger v. Tanner,* 138 Ga.App. 399, 407, 227 S.E.2d 266 (1976), *cited with approval in Delong Equipment Co. v. Washington Mills Abrasive,* 840 F.2d 843, 849 (11th Cir. 1988). Therefore, even the Georgia courts have recognized that plaintiffs must prove that either the act or the injury occurred in Georgia when they attempt to utilize subsections two and three of the Georgia Long Arm statute as the basis for jurisdiction before they can even address the "reasonableness of jurisdiction" prong of the Long Arm statute. *Id.* 138 Ga.App. at 406 & 408, 227 S.E.2d 266. Subsections two and three have the same analytical framework to determine whether jurisdiction is proper. *See Delong,* 840 F.2d at 848–49; *Atlanta Gas Light Co. v. Semaphore Advertising, Inc.,* 747 F.Supp. 715, 720 (S.D.Ga.1990).

this Court concludes that having one lawsuit tried in Tennessee would be the most economical and efficient manner in which to handle this litigation. Finally, an out-right dismissal of Komori Corporation might prejudice Plaintiffs in their ability to maintain this suit against the manufacturer of the allegedly negligently designed press because of possible problems with the statute of limitations and the past difficulty Plaintiffs encountered with trying to serve the foreign corporation.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss, construed as seeking dismissal or transfer, and **TRANSFERS** this case to the United States District Court for the Western District of Tennessee.

IT IS SO ORDERED.